■ FRANK KORNOWSKI, Respondent, v COUNTY OF ERIE, Appellant, et al., Defendants.—Order unanimously affirmed, with costs. Memorandum: Less than three weeks after expiration of the statutory period during which service of a notice of claim could be made (see General Municipal Law, § 50-e, subd 1), plaintiff moved pursuant to subdivision 5 of section 50-e of the General Municipal Law to extend the time to serve such notice. Since defendants filed no papers in opposition to the motion, we accept as true all of the allegations in the moving papers *(Schweickert v State of New York,* 64 AD2d 1026). It is amply demonstrated that defendants have suffered no prejudice as a result of plaintiff's delay in serving the notice of claim and thus Special Term properly exercised its discretion in granting plaintiff's application (see *Matter of Ziecker v Town of Orchard Park,* 70 AD2d 422; *Matter of Wemett v County of Onondaga,* 64 AD2d 1025; *Matter of Matey v Bethlehem Cent. School Dist.,* 63 AD2d 807). (Appeal from order of Erie Supreme Court—late notice of claim.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.

■ In the Matter of TERENCE M. WILSON, Petitioner, v VINCENT L. TOFANY et al., Respondents.—Determination unanimously confirmed, without costs, and petition dismissed. (See *Matter of Van Sickle v Melton,* 64 AD2d 846.) (CPLR art 78 proceeding transferred by order of Erie Supreme Court.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.

■ WALTER R. CONLIN, Respondent, v TERRY SPATH, Appellant.—Order unanimously reversed, with costs, and motion granted. Memorandum: Defendant moves to vacate a default judgment against him by which plaintiff was awarded damages for injuries sustained in a barroom assault. In his moving papers, defendant alleges that rather than being the aggressor he was the victim in the brawl and acted only in self-defense. When sued, he retained an attorney who submitted an answer on his behalf and took various pretrial steps in the litigation. When the case reached the Trial Calendar, defendant's counsel withdrew without notice to his client, however, and permitted a default judgment to be entered. Thus, defendant submitted evidence of excusable default and a meritorious defense and his motion to vacate should have been granted (CPLR 5015, subd [a], par 1; *Ladd v Stevenson,* 112 NY 325). (Appeal from order of Oswego Supreme Court—vacate default.) Present—Simons, J. P., Hancock, Jr., Schnepp, Callahan and Moule, JJ.

■ EDWARD J. DYMAN, Appellant, v CITY OF UTICA et al., Defendants, and ROCCO DE PAUL et al., Respondents.—Order unanimously affirmed, with costs, for the reasons stated at Special Term, Murphy, J. (Appeal from order of Oneida Supreme Court—dismiss complaint.) Present—Simons, J. P., Hancock, Jr., Schnepp, Callahan and Moule, JJ.