■ The People of the State of New York, Respondent, v Efren Meralla, Appellant. [644 NYS2d 177]

Based on the record, we find that defendant was denied effective assistance of counsel at his second trial, particularly as to his severance and collateral estoppel claims, the latter which, though not properly preserved (see, People v Padro, 75 NY2d 820), we review in the interest of justice.

The evidence offered against defendant in the second trial, where it was alleged that he and a co-defendant murdered Ezra Garbutt and that the co-defendant alone murdered Mary Caroline, Garbutt's girlfriend, was essentially the same as that upon which he was acquitted at the first trial, where he alone was charged with the murder of Mary Caroline; thus relitigation of factual issues determined at the first trial should have

been barred (*People v Acevedo*, 69 NY2d 478). However, counsel never formally moved on collateral estoppel grounds until sentencing, and then only upon defendant's insistence. Under the circumstances, the inexplicable nonfeasance of counsel amounted to fundamentally flawed, less than meaningful representation (*see, People v Baldi*, 54 NY2d 137, 146-147; *People v Ellis*, 81 NY2d 854, 856).

Closely related to the collateral estoppel issue, and further demonstrating counsel's ineffective representation, was counsel's failure to seek a severance in the second trial. Counsel's purported strategy in allowing the joint trial was not only flawed but poorly executed, resulting in unfair prejudice which substantially impaired the defense (*see, People v Mahboubian*, 74 NY2d 174, 184; *People v Cruz*, 66 NY2d 61, 73-74, *revd on other grounds and remanded* 481 US 186). Concur—Sullivan, J. P., Milonas, Ellerin, Nardelli and Williams, JJ.