■ JOAN M. KRAEMER et al., Appellants, v JAMES HENNING, Respondent. [655 NYS2d 96] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 18, 1996, as granted the defendant's motion pursuant to CPLR 3212 for summary judgment dismissing the complaint on the ground that the plaintiff Joan M. Kraemer had not sustained a serious injury as defined by Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, *on the* law, with costs, the defendant's motion for summary judgment dismissing the complaint is denied, and the complaint is reinstated.

The affidavit of the injured plaintiff's expert stated that his testing of her cervical and lumbar range of motion with a "Cybes EDI 320 Inclinometer" showed, *inter alia,* a "73% restriction of the gross lumbar extension", which, in his opinion, was permanent. This raised a triable issue of fact as to whether the injured plaintiff sustained a "significant limitation" of use of a body function or system *(see, Beckett v Conte,* 176 AD2d 774) constituting a serious injury as defined by Insurance Law § 5102 (d). Contrary to the defendant's contention, the injured plaintiff did not have to establish both a significant limitation of a body function or system *and* an inability to perform substantially all of her daily activities *(see,* Insurance Law § 5102 [d]). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.