■ DEBORAH HAND, Appellant, v MARTIN N. SILBERMAN et al., Respondents. [789 NYS2d 26]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered September 8, 2003, which granted defendants' motion to dismiss the complaint for failure to state a cause of action and based on documentary evidence, unanimously affirmed, without costs.

Plaintiff failed to demonstrate, in this legal malpractice action, that she would have been successful in the underlying administrative proceeding but for the alleged negligence of defendants (*Davis v Klein*, 88 NY2d 1008 [1996]). Neither an error in judgment nor in choosing a reasonable course of action constitutes malpractice (*see Rosner v Paley*, 65 NY2d 736, 738

[1985]). The stipulation entered into, that plaintiff's prior employer had "reasonable suspicion" that she was using alcohol or drugs and ordered that she be tested, was a strategy to avoid emphasis on plaintiff's pre-test conduct and to concentrate on her claimed reasons for failing to submit to the tests. Not only did the administrative judge not consider the stipulation or plaintiff's pre-test conduct to be a central issue at the hearing, but testimony was presented by witnesses as to plaintiff's pre-test conduct, rendering the stipulation superfluous.

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Mazzarelli, J.P., Saxe, Friedman, Sullivan and Williams, JJ.