■ Luis Hernandez, Respondent, et al., Plaintiff, v Clifford Bentinck et al., Appellants. [795 NYS2d 596]—In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Kings County (Douglass, J.), entered May 21, 2004, which, after a nonjury trial on the issue of liability and a finding that the defendants were 66²/₃% at fault in the happening of the accident and the plaintiff Luis Hernandez was 33¹/₃% at fault in the happening of the accident, and a nonjury trial on the issue of damages and awards to the plaintiff Luis Hernandez in the sum of $150,000 for past pain and suffering and in the sum of $100,000 for future pain and suffering, is in favor of the plaintiff Luis Hernandez and against them in the principal sum of $167,500.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, with costs, and the award of damages for past pain and suffering is reduced from the sum of $150,000 to the sum of $75,000, and the award of damages for future pain and suffering is reduced from the sum of $100,000 to the sum of $50,000, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment, with both of the reduced awards to be further reduced by one third, representing the comparative negligence of the injured plaintiff.

A trial court's determination will not be disturbed on appeal unless it is obvious that the conclusions could not have been reached under any fair interpretation of the evidence (*see Vizzari v Hernandez*, 1 AD3d 431 [2003]). Contrary to the defendants' contention, a fair interpretation of the evidence supports the trial court's determination as to liability that the defendants were two thirds responsible for the happening of the accident.

The trial testimony adduced from the plaintiffs' medical expert established a prima facie case that the injured plaintiff sustained a significant limitation of use of a body function or system constituting a serious injury as defined by Insurance Law § 5102 (d) (*see Kraemer v Henning*, 237 AD2d 492 [1997]).

The award of damages was excessive to the extent indicated herein.

The defendants' remaining contentions are without merit. Adams, J.P., S. Miller, Crane and Mastro, JJ., concur.