■ RICHARD GLADSTONE et al., Appellants, v SCOTT ZIEGLER, Defendant, and STEVEN ALTMAN et al., Respondents. [847 NYS2d 196]—

Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered August 21, 2006, after a jury trial, to the extent appealed from as limited by the briefs, dismissing the first cause of action as against defendant law firm, unanimously affirmed, without costs.

An action for legal malpractice requires proof of the attorney's negligence, a showing that the negligence was the proximate cause of the plaintiff's injury, and evidence of actual damages (*Russo v Feder, Kaszovitz, Isaacson, Weber, Skala & Bass,* 301 AD2d 63, 67 [2002]). Here, although the court granted summary judgment to plaintiff on the issue of liability because of defendants' failure to file a UCC financing statement in the manner necessary to perfect plaintiffs' security interest, the latter adduced no evidence that they would have been in a different position even had the attorneys properly perfected that interest (*see Lory v Parsoff,* 17 AD3d 541, 545 [2005]). As a result, the court properly dismissed the claim for legal malpractice for failure to make out a prima facie claim of damages.

The trial court did not err in declining to allow plaintiffs to amend their complaint to assert one of the claims against the general partnership that preceded the defendant firm, as doing so would have prejudiced the individual defendant at the late stage at which plaintiffs made their application to amend (*see Rodriguez v Terence Cardinal Cooke Health Care Ctr.,* 4 AD3d 147 [2004], *lv denied* 4 NY3d 703 [2005]).

We have considered plaintiffs' remaining arguments and find them without merit. Concur—Mazzarelli, J.P., Saxe, Marlow, Catterson and Malone, JJ.