■ Thomas McHenry, Respondent, v Robert San Miguel, Appellant, et al., Defendant. [864 NYS2d 541]—

In an action to recover damages for personal injuries, the defendant Robert San Miguel appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated September 10, 2007, which denied his motion to vacate a judgment of the same court dated August 8, 2006, entered upon his default in appearing at trial and inquest, which was in favor of the plaintiff and against him in the principal sum of $375,000.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the motion is granted, and the judgment dated August 8, 2006 is vacated.

A defendant seeking to vacate a judgment entered upon his or her default must demonstrate both a reasonable excuse for the default and a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Hodges v Sidial*, 48 AD3d 633, 634 [2008]; *Hageman v Home Depot U.S.A., Inc.*, 25 AD3d 760 [2006]). Although the determination of what constitutes a reasonable excuse generally lies within the sound discretion of the Supreme Court, reversal is warranted if that discretion is improvidently exercised (*see Ahmad v Aniolowiski*, 28 AD3d 692, 693 [2006]; *Matter of Zrake v New York City Dept. of Educ.*, 17 AD3d 603 [2005]).

The Supreme Court improvidently exercised its discretion in denying the motion of the defendant Robert San Miguel (hereinafter the defendant) to vacate the judgment entered upon his default in appearing on the scheduled trial date and at the inquest. In support of his motion, the defendant explained that the action was marked off the trial calendar and was dismissed in June 2003 and that about six months after the dismissal, he moved to a new residence. Although the defendant left a forwarding address with the post office, he alleges that he never received notice that the action had been restored to the calendar in November 2004, or of the scheduled trial and inquest dates. While the plaintiff's attorney purportedly sent several letters notifying the defendant of scheduled court proceedings to his new residence, the record reveals that these letters were addressed to the defendant at 2242 East 74th Street in Brooklyn, when his correct street address was actually 2442 East 74th Street. The defendant additionally averred that he did not receive notice of a December 2004 order to show cause in which his prior attorney sought to be relieved, because that order was left with an individual identified as "Jane Doe" at his former residence. Under these circumstances, the defendant's claim

that he never received notice of the trial or inquest dates constituted a reasonable excuse for his failure to appear (*see Hodges v Sidial*, 48 AD3d 633 [2008]; *Birky v Katsilogiannis*, 37 AD3d 631 [2007]; *Vollaro v Bevilacqua*, 33 AD3d 910 [2006]; *Simmons v Pantoja*, 306 AD2d 399 [2003]). Furthermore, the allegations set forth in the defendant's moving affidavit were sufficient to demonstrate the existence of a potentially meritorious defense (*see Conlin v Spath*, 75 AD2d 1019 [1980]). Accordingly, the court should have granted the defendant's motion. Spolzino, J.P., Santucci, Miller, Dickerson and Eng, JJ., concur.