■ JOSEPH MORTENSON, Appellant, v ROBERT C. SHEA, ESQ., et al., Respondents. [880 NYS2d 229]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered April 1, 2008, which denied plaintiff's motion for summary judgment and granted defendants' cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, the cross motion denied, the complaint reinstated, and otherwise affirmed, without costs.

This action was dismissed on the erroneous grounds that the New Jersey defendants were not and could not be retained to actually commence a legal malpractice action against an attorney in New York State, and that the limited services provided by defendant law firm in attempting to settle the underlying claim did not include a duty to advise plaintiff about the applicable New York statute of limitations. A legal malpractice claim may arise out of the giving of faulty advice to a client (*see Scheller v Martabano*, 177 AD2d 690 [1991]). Furthermore, an attorney may be liable for his ignorance of the rules of practice, his failure to comply with conditions precedent to suit, his neglect to prosecute an action, or his failure to conduct adequate

legal research (*see McCoy v Tepper*, 261 AD2d 592 [1999]). Here, the documentary evidence—in particular, an October 26, 2004 letter agreement—established plaintiff's authorization for defendants "to proceed with any potential malpractice claim against Melisande Hill as it relates to the October 7, 2000 motor vehicle accident," and defendants apparently continued to pursue such a claim even after allegedly referring plaintiff to New York counsel, thus creating the impression that the underlying malpractice claim remained viable. By virtue of that conduct, defendants had a duty, at a minimum, to expressly advise plaintiff that a limitations period existed, and of the need to contact New York counsel immediately to insure that an action was timely filed (*see id.*). However, a question of fact exists as to whether plaintiff would have succeeded in the underlying action "but for" the attorney's negligence (*Leder v Spiegel*, 9 NY3d 836 [2007], *cert denied sub nom. Spiegel v Rowland*, 552 US —, 128 S Ct 1696 [2008]), which warrants the denial of all summary judgment motions. Concur—Tom, J.P., Andrias, Saxe, Moskowitz and DeGrasse, JJ. [*See* 2008 NY Slip Op 30915(U).]