■ GEORGE CUTRONE et al., Respondents-Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Appellant-Respondent, and MALVESE EQUIPMENT CO., INC., Respondent. [902 NYS2d 28]—

Judgment, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered December 18, 2008, after a jury verdict awarding plaintiff George Cutrone $3 million for pain and suffering, $458,215 for past lost earnings following collateral source offset, $799,872 for future lost earnings following collateral source offset, and awarding plaintiff Loretta Cutrone $1 million on each of her derivative claims for past and future loss of services, unanimously modified, on the law, and the offset to plaintiff's future lost earnings vacated; and further modified, on the facts, the awards for loss of services vacated, a new trial ordered solely as to damages for loss of services, unless plaintiffs, within 30 days of service of a copy of this order, stipulate to accept reduced awards for past loss of services in the amount of $200,000 and future loss of services in the amount of $400,000, and to entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.

The verdict finding defendant Transit Authority (TA) negligent in failing to properly maintain the electric cart that hit the injured plaintiff and/or safely maintain the premises

where the accident occurred was supported by sufficient evidence and was not contrary to the weight of the evidence adduced at trial (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]).

The TA was not entitled to a collateral source offset of the injured party's future earnings based on his future social security disability benefits under either CPLR 4545 (former [b]), which permits damage awards to be offset only by past costs or expenses (*see Iazzetti v City of New York*, 94 NY2d 183 [1999]), or CPLR 4545 (former [c]), since the TA failed to meet its burden of showing a high probability that he will continue to be eligible for the benefits in question (*see Ruby v Budget Rent A Car Corp.*, 23 AD3d 257 [2005], *lv denied* 6 NY3d 712 [2006]).

While we discern no reason to conclude that the pain and suffering awards deviated materially from what is reasonable compensation under the circumstances, the awards for past and future loss of services do deviate materially, to the extent indicated (*see e.g. Singh v Gladys Towncars Inc.*, 42 AD3d 313, 314 [2007]).

We have considered the parties' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Freedman, Richter and Manzanet-Daniels, JJ.