■ CHIBCHA RESTAURANT, INC., Doing Business as OXES NIGHT-CLUB, et al., Appellants, v DAVID A. KAMINSKY & ASSOCIATES, P.C., et al., Respondents. [958 NYS2d 135]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered August 2, 2012, which granted defendants' motion to dismiss the claims of legal malpractice, violations of Judiciary Law § 487, and negligent hiring, unanimously affirmed, with costs.

In this action for legal malpractice, plaintiffs allege that defendants were negligent in their representation of plaintiffs in a dispute with their landlord. Defendants' failure to file an order to show cause for a temporary restraining order against the landlord, after notifying the landlord that they were going to seek such relief, as they were required to do pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.7 (f), did not amount to malpractice. Rather, it was a reasonable course of action not to seek such relief upon learning from the landlord that plaintiffs were in violation of the subject lease's insurance requirements (*Hand v Silberman*, 15 AD3d 167, 167-168 [1st Dept 2005], *lv denied* 5 NY3d 707 [2005]). Moreover, contrary to plaintiffs' argument, the motion court was entitled to determine that such conduct was reasonable and did not amount to malpractice as a matter of law (*see e.g. Sklover & Donath, LLC v Eber-Schmid*, 71 AD3d 497, 498 [1st Dept 2010]).

Plaintiffs' allegations that defendants made "no useful attempt" to argue against a TRO sought and obtained by the landlord, and that defendants were both unprepared and unskilled in defending them, do not suffice. As the motion court observed, plaintiffs do not allege, for example, that defendants missed any deadlines or otherwise failed to protect or preserve plaintiffs' rights (*see Mortenson v Shea*, 62 AD3d 414, 414-415 [1st Dept 2009]).

Contrary to plaintiffs' assertions, the record supports the motion court's conclusion that plaintiffs' damages, sustained from the closing of the subject premises after issuance of the TRO, were not caused by defendants' conduct, but rather by plaintiffs' failure to obtain the necessary insurance before the landlord brought its motion for a temporary restraining order. Plaintiffs concede that the insurance coverage required by the lease initially was not in place, and that the TRO against them was lifted only after the requisite insurance was obtained. As the premises were closed due to the lack of insurance, it cannot be said that plaintiffs would not have incurred any damages, but for defendants' purported negligence (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]).

The motion court properly dismissed the cause of action alleging a violation of Judiciary Law § 487. Plaintiffs' allegations stem from defendants' alleged misconduct in connection with a fee dispute in Civil Court. Accordingly, "plaintiff's remedy lies exclusively in that lawsuit itself, i.e., by moving pursuant to CPLR 5015 to vacate the civil judgment due to its fraudulent procurement, not a second plenary action collaterally attacking the judgment in the original action" (*Yalkowsky v Century Apts. Assoc.*, 215 AD2d 214, 215 [1st Dept 1995]).

The claim of negligent hiring and retention was properly dismissed. The complaint does not sufficiently plead such a cause of action (*see e.g. White v Hampton Mgt. Co. L.L.C.*, 35 AD3d 243, 244 [1st Dept 2006]). Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Román and Clark, JJ.