■ Bruce Lindenman et al., Respondents, v David M. Kreitzer, Individually and Doing Business as and/or as Partner in

KREITZER & VOGELMAN, Appellant, et al., Defendants. [964 NYS2d 87]—

Amended judgment, Supreme Court, New York County (Louis B. York, J.), entered September 16, 2011, which, after a non-jury trial, awarded plaintiff Bruce Lindenman $1,500,000 for past pain and suffering, $4,000,000 for future pain and suffering, $457,204.56 for past and future lost earnings (reduced from $4,102,000 by stipulated collateral source deductions), and awarded plaintiff Jane Lindenman $1,200,000 for past loss of services and $2,000,000 for future loss of services, and bringing up for review an order, same court and Justice, entered on or about September 16, 2011, which found in favor of plaintiffs and awarded the above-listed damages; an order, same court and Justice, entered August 28, 2009, which denied defendant David M. Kreitzer's motion for, inter alia, a hearing on collectibility of the judgment; and an order, same court and Justice, entered August 24, 2011, which denied defendant's motion to dismiss plaintiffs' complaint for failure to timely settle the judgment, unanimously modified, on the law and the facts, to grant defendant's motion for a hearing on collectibility, reduce the damages for past pain and suffering to $500,000, future pain and suffering to $750,000, past loss of services to $200,000, and future loss of services to $300,000, and otherwise affirmed, without costs.

The trial court's award of $5,500,000 for past and future pain suffering deviated materially from reasonable compensation to the extent indicated. Although plaintiff Bruce Lindenman demonstrated that he suffered a brain injury, he did not undergo surgery and was able to continue to engage in activities such as driving and playing tennis (cf. Paek v City of New York, 28 AD3d 207 [1st Dept 2006], lv denied 8 NY3d 805 [2007]). The award for past and future loss of services deviated materially from reasonable compensation under the circumstances to the extent indicated (see Penn v Amchem Prods., 85 AD3d 475 [1st Dept 2011]; Cutrone v New York City Tr. Auth., 73 AD3d 462 [1st Dept 2010]). Given that this was a bench trial, we need not remand for a new trial on the issue of damages (see Chock Full O'Nuts Corp. v NRP LLC I, 47 AD3d 189 [1st Dept 2007]; Hernandez v Bentinck, 17 AD3d 532 [2d Dept 2005]).

The trial court should have granted defendant's motion for a collectibility hearing following the verdict and award of damages. In a legal malpractice action, it is not until "plaintiff has

proved the case within the case, including the value of the lost judgment, that the issue of collectibility may arise" (*see Lindenman v Kreitzer*, 7 AD3d 30, 34-35 [1st Dept 2004]). The value of the lost judgment was proved on June 25, 2009 when the trial court issued its finding on the apportionment of liability and the value of the damages, and, at that time, defendant's request for a hearing on the issue of noncollectibility should have been granted (*id.*).

We have reviewed defendant's additional arguments and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Renwick, Richter and Gische, JJ.