Judgment, Supreme Court, New York County (Richard F. Braun, J.), entered December 7, 2012, dismissing the amended complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered November 21, 2012, which granted defendants’ motion to dismiss the amended complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff failed to state a cause of action for aiding and abetting fraud against defendant law firm and the individual defendant, plaintiffs former attorney. The alleged conduct, defendants’ failure to disclose a voting agreement entered into between non-parties at a time when defendants did not represent plaintiff and to subsequently highlight the voting agreement’s existence, does not constitute “substantial assistance” in the commission of the alleged underlying fraud (see Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co., 64 AD3d 472, 476 [1st Dept 2009], lv denied 13 NY3d 709 [2009]; Matter of Union Indem. Ins. Co. of N.Y., 289 AD2d 173 [1st Dept 2001], lv dismissed 98 NY2d 672 [2002]). The claim that defendants provided routine legal services to the alleged fraudsters is likewise insufficient to establish a claim for aiding and abetting fraud (see CRT Invs., Ltd. v BDO Seidman, LLP, 85 AD3d 470, 472 [1st Dept 2011], citing Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 56 AD3d 1 [1st Dept 2008]).
The amended complaint does not allege a claim for legal malpractice in connection with defendants’ representation of the alleged fraudsters in a merger transaction. Even if such a claim were alleged, it would fail to state a cause of action in the absence of an attorney-client relationship (see Federal Ins. Co. v North Am. Specialty Ins. Co., 47 AD3d 52 [1st Dept 2007]; Linden v Moskowitz, 294 AD2d 114, 115 [1st Dept 2002], lv denied 99 NY2d 505 [2003]) or a relationship approaching privity or other special circumstance (see Good Old Days Tavern v Zwirn, 259 AD2d 300 [1st Dept 1999]). The legal malpractice *664 claim arising out of a subsequent transaction fails as speculation as to what plaintiff would have done, had it been aware of the voting agreement, and the possibility that another party may pursue a claim against plaintiff in the future, does not support a claim for causally related damages (see Brooks v Lewin, 21 AD3d 731 [1st Dept 2005], lv denied 6 NY3d 713 [2006]).
We have considered plaintiffs remaining arguments and find them unavailing. Concur—Sweeny, J.E, Saxe, Moskowitz, Gische and Clark, JJ.