■ PHILIP SELDON, Appellant, v CHEYENNE CROW et al., Respondents. [976 NYS2d 874]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered August 7, 2012, which, after a traverse hearing, granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

There exists no basis to disturb the hearing court's determination, based on an assessment of the witnesses' credibility, that service was not properly effected upon defendants by the process server (*cf. Pressley v Shneyer,* 56 AD3d 263 [1st Dept 2008]). Contrary to plaintiff's contention, defendant Crow did not admit at the traverse hearing to receiving proper service of the process in the instant action. Rather, the record shows that Crow, while admitting to being served (on a date plaintiff denies having served Crow), never said that the service was in any way related to the instant action, as opposed to the numerous other proceedings between these parties. Furthermore, Crow's statement in a paper denominated "Answer to Summons with Notice for Default Judgment," that he was served, does not warrant a different conclusion. The document is unsigned and unsworn and does not constitute a formal, or even an informal judicial admission (*see generally People v Brown,* 98 NY2d 226, 232 n 2 [2002]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Andrias, Saxe and Clark, JJ.