■ Christopher Pannone, Appellant, v Daniel P. Silberstein, Esq., Respondent, et al., Defendant. [990 NYS2d 164]—

Judgment, Supreme Court, New York County (Milton A. Tingling, J.), entered November 21, 2012, dismissing the amended complaint, unanimously affirmed, without costs.

Plaintiff retained defendants to represent him in a CPLR article 78 proceeding that was brought to challenge the termination of his employment as a police officer. The determination followed a disciplinary hearing that was conducted by the Police Department of the City of New York. Plaintiff appeared at the hearing with counsel other than defendants. The events that gave rise to the disciplinary proceeding began with plaintiff's unauthorized absence from his home while on sick report on July 22, 1998. The decision to terminate plaintiff's employment was based on a finding that he had made false statements regarding his whereabouts to an investigating officer during a

"GO-15" interview that was conducted on July 30, 1998.[1] At the hearing, plaintiff admitted that he knew he was required to remain at his residence while on sick report and that he gave a false account of the reason for his absence at the GO-15 interview.

While represented by defendants, plaintiff commenced the article 78 proceeding, which was transferred to this Court pursuant to CPLR 7804 (g) on June 27, 2000. It was alleged in the article 78 petition that the penalty of dismissal was excessive and an abuse of discretion. The instant action arises out of this Court's dismissal of the article 78 proceeding upon defendants' failure to timely perfect on behalf of plaintiff.[2]

To recover damages for legal malpractice, a plaintiff must demonstrate that the attorney defendant " 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*id.*). The court below granted defendants' motions for summary judgment, finding the "but for" element lacking because plaintiff would not have prevailed in the underlying article 78 proceeding. We agree.

The giving of false statements in the course of an official investigation has been upheld as a ground for dismissal from municipal employment (*see Matter of Duncan v Kelly*, 9 Misc 3d 1115[A], 2005 NY Slip Op 51558[U] [Sup Ct, NY County 2005] [also involved a GO-15 interview], *affd* 43 AD3d 297 [1st Dept 2007], *affd* 9 NY3d 1024 [2008]; *see also Matter of Loscuito v Scoppetta*, 50 AD3d 905 [2d Dept 2008], *lv denied* 13 NY3d 716 [2010]). There is no merit to plaintiff's argument that the state of the law in 2000, when the article 78 proceeding was brought, would have dictated a different result (*see e.g. Matter of Swinton v Safir*, 93 NY2d 758, 763 [1999] [dishonest statements to police department investigators constituted an independent basis for dismissal]).

---

1. A GO-15 interview is one conducted "in connection with allegations of serious misconduct or corruption" (*Mullins v City of New York*, 626 F3d 47, 50 [2d Cir 2010]).

2. Under this Court's rules, a petitioner in a transferred article 78 proceeding is required to file the record and a brief within nine months from the date of the transfer order (22 NYCRR 600.11 [a] [3]).

The cause of action based on Judiciary Law § 487 was properly dismissed inasmuch as the record does not establish a "chronic and extreme pattern of legal delinquency" (*Kinberg v Opinsky*, 51 AD3d 548, 549 [1st Dept 2008] [internal quotation marks omitted]). The breach of contract cause of action, which is based on defendants' alleged failure to represent plaintiff in a professional manner, was also properly dismissed. A breach of contract claim premised on an attorney's failure to exercise due care or to abide by general professional standards is nothing more than a malpractice claim (*Sage Realty Corp. v Proskauer Rose*, 251 AD2d 35, 38-39 [1st Dept 1998]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Renwick, DeGrasse and Gische, JJ.