■ EFREN MERALLA, Respondent, v STEPHEN M. GOLDENBERG, Appellant. [5 NYS3d 70]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered September 12, 2013, which, to the extent appealed from as limited by the briefs, denied defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this legal malpractice action, plaintiff alleges that defendant attorney's failure to move to sever plaintiff's criminal trial from that of a codefendant, and to move to exclude certain evidence based on the collateral estoppel effect of a prior trial in which plaintiff was acquitted of a related crime, caused him to be convicted and incarcerated. Plaintiff served more than six years in prison before this Court overturned his conviction based on defendant's ineffective assistance of counsel (*People v Meralla*, 228 AD2d 160 [1st Dept 1996], *lv denied* 88 NY2d 989 [1996]). After the prosecution determined that plaintiff could not be retried, he commenced this action to recover damages against defendant.

The motion court correctly concluded that plaintiff did not waive his claim for pecuniary damages, as the ambiguous colloquy during plaintiff's deposition did not amount to "an intentional relinquishment" of his right to assert such damages (*EchoStar Satellite L.L.C. v ESPN, Inc.*, 79 AD3d 614, 617 [1st Dept 2010] [internal quotation marks omitted]). After the deposition, plaintiff continued to respond to discovery requests related to his employment history, and the parties did not execute a stipulation evidencing plaintiff's withdrawal of his claim for pecuniary damages. Further, plaintiff should not be equitably estopped from asserting a claim for pecuniary damages, since defendant failed to demonstrate that he detrimentally relied on plaintiff's purported waiver (*see generally River Seafoods, Inc. v JPMorgan Chase Bank*, 19 AD3d 120, 122 [1st Dept 2005]).

As this Court held on the appeal overturning plaintiff's conviction, defendant's delay in moving to exclude evidence based on collateral estoppel, and failure to seek a severance before the second trial, "amounted to fundamentally flawed, less than meaningful representation" and "substantially impaired the defense" (*Meralla*, 228 AD2d at 161). Accordingly, drawing all inferences in favor of plaintiff as the nonmoving party (*see Ortega v Everest Realty LLC*, 84 AD3d 542, 545 [1st Dept 2011]), an issue of fact exists as to whether defendant's alleged negligence was the proximate cause of plaintiff's alleged injuries (*see Kaminsky v Herrick, Feinstein LLP*, 59 AD3d 1, 9 [1st Dept 2008], *lv denied* 12 NY3d 715 [2009]). It cannot be said, as a matter of law, that the outcome of the matter

would have been substantially the same even if defendant had made the motions before trial and in writing (*see id.*). Concur— Mazzarelli, J.P., Sweeny, Moskowitz, Clark and Kapnick, JJ.