OPINION OF THE COURT
Lucy Billings, J.
I. Background
Plaintiff’s complaint against defendants, whose law firm represented him in an underlying action, includes seven claims relating to legal malpractice. Plaintiff has alleged four categories of defendants’ failures in his underlying action. (1) Defendants failed to prosecute it with ordinary skill, competence, and diligence. (2) They failed to plead a negligence claim against the defendant Robert San Miguel. (3) They failed to oppose the motion for summary judgment by the defendant Rebecca Ramirez against whom plaintiff claimed negligent maintenance of the premises causing his injury. (4) They failed to serve San Miguel with notices of the trial and subsequent inquest on damages, resulting in a vacatur of the judgment obtained after San Miguel’s default at trial. Plaintiff’s fifth and sixth claims seek the interest that would have accrued on the judgment defendants’ negligence caused him to lose, as another component of his compensatory damages, and punitive damages over and above his compensatory damages. Plaintiff’s seventh claim alleges that his action is not subject to CPLR article 16.
Defendants move for summary judgment dismissing the complaint. (CPLR 3212 [b].) Plaintiff concedes that his second, third, and fourth claims simply allege specific acts of negligence to amplify his first claim of defendants’ negligence constituting malpractice. Plaintiff also concedes that the decision by the Appellate Division, First Department, that San Miguel’s intentional assault and battery caused the injury plaintiff claimed in the underlying action, Empire Ins. Co. v Miguel (114 AD3d 539, 539 [1st Dept 2014]), precludes him from establishing the defendants’ liability for negligence in that action, an essential element of his second and third claims in this action for legal malpractice. Plaintiff therefore discontinues those claims, but cross-moves for summary judgment on his fourth and fifth claims. (CPLR 3212 [b], [e].)
*979 In the underlying action, plaintiff obtained a judgment for $385,308.75 against San Miguel when he was unrepresented and failed to appear for trial. San Miguel subsequently retained an attorney and moved to vacate that judgment. The Appellate Division, Second Department, vacated the judgment, finding that the service of notices of the trial and inquest by plaintiffs attorneys, defendants in this action, on San Miguel at an incorrect address constituted a reasonable excuse for his default at the trial. (McHenry v Miguel, 54 AD3d 912, 913-914 [2d Dept 2008].) Plaintiff subsequently obtained a jury verdict and judgment for $761,200 in May 2012, but claims this award has been uncollectible due to San Miguel’s depletion of his assets before 2012.
II. Legal Malpractice
To recover for legal malpractice, plaintiff must show (1) that defendant attorneys breached their duty to use the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, (2) that their breach proximately caused plaintiff to sustain damages, and (3) actual and ascertainable damages. (Dombrowski v Bulson, 19 NY3d 347, 350 [2012]; Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]; Pannone v Silberstein, 118 AD3d 413, 414 [1st Dept 2014]; Global Bus. Inst. v Rivkin Radler LLP, 101 AD3d 651, 651 [1st Dept 2012].) To establish causation, plaintiff must show that, but for defendants’ negligence, he would not have incurred any damages. (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442; Pannone v Silberstein, 118 AD3d at 414; Kaminsky v Herrick, Feinstein LLP, 59 AD3d 1, 9 [1st Dept 2008].)
Plaintiff’s theory of liability is that, but for defendants’ negligence in failing to serve notices of the trial and inquest at San Miguel’s correct address, the judgment plaintiff obtained in 2006 would not have been vacated based on an acceptable excuse for San Miguel’s nonappearance. That vacatur and the delays defendant attorneys caused from the vacatur to the jury trial in 2012 enabled San Miguel to transfer his assets, depriving plaintiff of the ability to collect his 2012 judgment. Plaintiff insists that, because he could have collected the 2006 judgment, had it not been vacated, defendants’ negligence caused him to lose the 2006 judgment and sustain ascertainable damages in the amount of the $385,308.75 award. He also claims interest on that amount from the date of that judgment.
*980 III. Defendants’ Motion for Summary Judgment
Defendants claim entitlement to summary judgment dismissing the complaint’s remaining claims, premised on plaintiff’s loss of his 2006 judgment due to defendants’ failure to serve San Miguel at his correct address. Defendants maintain that, if they had served San Miguel at his correct address, he would have appeared to defend against plaintiff’s claimed damages in the underlying action, and plaintiff would not have obtained the judgment for $385,308.75 in 2006.
Defendants present no evidence, however, to establish that their service of notices of the trial and inquest on San Miguel at an incorrect address did not impair the outcome of the underlying action or cause any discernible damage to plaintiff. Defendants, had they served San Miguel at his correct address, show neither (1) that he still would have defaulted and later still would have obtained a vacatur of plaintiff’s judgment, nor (2) that plaintiff would not have obtained an award at a trial in 2006 or shortly afterward, nor (3) that any judgment plaintiff obtained between 2006 and 2012 would have been uncollectible. (Meralla v Goldenberg, 126 AD3d 449, 450-451 [1st Dept 2015]; Roberts v Corwin, 118 AD3d 571, 575 [1st Dept 2014]; Morad Assoc., LLC v Jay Sung Lee, 112 AD3d 463, 463 [1st Dept 2013]; Ali v Fink, 67 AD3d 935, 936-937 [2d Dept 2009].)
Although defendants do not specifically address plaintiff’s sixth claim, for punitive damages, all the complaint’s allegations focus on defendants’ negligence, and no evidence in the record, presented by plaintiff or defendants, shows defendants’ egregious wrongdoing to support punitive damages. (Cohen v Kachroo, 115 AD3d 512, 514 [1st Dept 2014]; Cusack v Greenberg Traurig, LLP, 109 AD3d 747, 749 [1st Dept 2013]; Bruckmann, Rosser, Sherrill & Co., L.P. v Marsh USA, Inc., 65 AD3d 865, 867 [1st Dept 2009].) Since plaintiff has conceded that his second and third claims are not viable, the court grants defendants’ motion for summary judgment to the limited extent of dismissing plaintiff’s second, third, and sixth claims. (CPLR 3212 [b], [e].) Since defendants fail to meet their burden in establishing entitlement to judgment as a matter of law on plaintiff’s remaining claims for legal malpractice, interest, and nonapportionment of liability, however, the court denies defendants’ motion for summary judgment on plaintiff’s remaining claims. (CPLR 3212 [b]; Meralla v Goldenberg, 126 AD3d at 450-451; Roberts v Corwin, 118 AD3d at 575; see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]; JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384 [2005].)
*981 IV. Plaintiff’s Cross Motion for Summary Judgment on His Fourth Claim
A. Defendants’ Professional Negligence
Plaintiff insists that the Appellate Division, Second Department, decision vacating the 2006 judgment necessarily determined that defendants negligently served notices of the trial and inquest on San Miguel and thus are collaterally estopped in this action from defending against that negligence. Although the Appellate Division in the underlying action did necessarily decide that defendants served San Miguel at an incorrect address, having mailed notices of the trial and inquest to 2242 instead of 2442 East 74th Street in Kings County, the Court found only that San Miguel’s nonreceipt of the notices constituted a reasonable excuse for his nonappearance. (McHenry v Miguel, 54 AD3d at 913-914.)
Contrary to plaintiff’s claim, the Court did not determine whether defendants were negligent in failing to serve San Miguel at his correct address. Nor was this a material issue actually litigated on its merits in the underlying action. (See id.) Therefore, collateral estoppel does not apply to bar defendants from defending against this claimed negligence constituting legal malpractice. (City of New York v Welsbach Elec. Corp., 9 NY3d 124, 128 [2007]; Ji Sun Jennifer Kim v Goldberg, Weprin, Finkel, Goldstein, LLP, 120 AD3d 18, 23-24 [1st Dept 2014]; Matter of Marisela N. v Lacy M.S., 118 AD3d 449, 449 [1st Dept 2014].)
The record in this action similarly establishes only that service on San Miguel was at an incorrect address, not that defendants negligently mailed notices to San Miguel at 2242 instead of 2442 East 74th Street. Service to the incorrect address may have provided San Miguel a reasonable excuse to support vacatur of the 2006 judgment, but by itself is not negligence. Plaintiff offers no evidence, either that the address to which defendants mailed the notices was not designated by San Miguel, or that defendants knew or had reason to know San Miguel’s correct address but failed to exercise reasonable diligence to serve him at that address. Such evidence would be the minimum necessary to demonstrate as a matter of law that they breached their duty to use the ordinary skill and knowledge possessed by a member of the legal profession. (Kleeman v Rheingold, 81 NY2d 270, 278 [1993]; Stanski v Ezersky, 210 AD2d 186, 186 [1st Dept 1994]; Kozmol v Law Firm of Allen L. Rothenberg, 241 AD2d 484, 485 [2d Dept 1997]; see Dombrowski *982 v Bulson, 19 NY3d at 350; Meralla v Goldenberg, 126 AD3d at 450.)
B. Plaintiffs Damages
Even assuming defendants’ malpractice in serving San Miguel, factual issues nonetheless remain whether that negligence proximately caused plaintiff to suffer damages, especially when all inferences on the issue of causation are drawn in defendants’ favor. (Meralla v Goldenberg, 126 AD3d at 450; Angeles v Aronsky, 109 AD3d 720, 723 [1st Dept 2013].) Plaintiff does not claim that defendants were negligent in failing to collect the August 2006 judgment before it was vacated in September 2008, but insists that the 2006 judgment would have been collectible against San Miguel’s assets at least from when it was vacated until he obtained his 2012 judgment. Plaintiff offers no evidentiary support, however, for his claim that, but for defendants’ alleged negligence in serving San Miguel, the 2006 judgment would not have been vacated. Plaintiff merely assumes blithely that, if defendants served San Miguel notices at his correct address, (1) San Miguel still would have defaulted, but would not have obtained a vacatur of plaintiff’s judgment, or (2) if San Miguel did not default, plaintiff still would have obtained a favorable verdict at an earlier trial. Therefore, plaintiff’s assumption that he would not have sustained damages from a lost opportunity to collect the 2006 judgment, had defendants served San Miguel at his correct address, on this record, is speculative. (Flintlock Constr. Servs., LLC v Rubin, Fiorella & Friedman LLP, 110 AD3d 426, 427 [1st Dept 2013]; Learning Annex, L.P. v Blank Rome LLP, 106 AD3d 663, 663-664 [1st Dept 2013]; Global Bus. Inst. v Rivkin Radler LLP, 101 AD3d at 652.)
Plaintiff further fails to establish ascertainable damages. Although he claims the original judgment was collectible in 2006, but the later judgment was uncollectible in 2012, he shows neither fact, nor even any attempt from 2006 to 2008 to collect the original judgment. He relies only on defendant attorneys’ claim in August 2007 in the underlying action that their client “is about to seize [San Miguel]’s assets.” (Exhibit 9, ¶ 6 to aff of Loretta McHenry in support of plaintiff’s cross motion exhibit 2.) Plaintiff’s attorney claimed this intended future act for purposes of opposing San Miguel’s motion to vacate the 2006 judgment, as a reason for the court to deny San Miguel’s motion, but without any evidentiary facts that that judgment was collectible before, during, or after August 2007. (People v *983 Brown, 98 NY2d 226, 232 and n 2 [2002]; Naughton v City of New York, 94 AD3d 1, 12 [1st Dept 2012]; Mesler v PODD LLC, 89 AD3d 1533, 1536 [4th Dept 2011]; Rahman v Smith, 40 AD3d 613, 615 [2d Dept 2007]; see Seldon v Crow, 112 AD3d 472, 472 [1st Dept 2013].) In fact, since the judgment was not actually vacated until September 2008, by the Appellate Division, and plaintiff does not show that the judgment ever was stayed before then, 13 months remained as of August 2007 to seize San Miguel’s assets if he owned any.
Plaintiff may not rely on his documents regarding the availability of San Miguel’s assets before the 2012 judgment to make a prima facie showing of actual and ascertainable damages, as he offers this evidence for the first time in reply and then more such evidence long after defendants’ motion and his cross motion were submitted. (Sylla v Brickyard Inc., 104 AD3d 605, 606 [1st Dept 2013]; Calcano v Rodriguez, 103 AD3d 490, 491 [1st Dept 2013]; JPMorgan Chase Bank, N.A. v Luxor Capital, LLC, 101 AD3d 575, 576 [1st Dept 2012].) Most of the documents are unauthenticated and inadmissible in any event, neither certified as public records (e.g. CPLR 4520, 4540 [a], [b]; Murray v City of New York, 74 AD3d 550, 550 [1st Dept 2010]; Rivera v GT Acquisition 1 Corp., 72 AD3d 525, 526 [1st Dept 2010]; Coleman v Maclas, 61 AD3d 569, 569 [1st Dept 2009]; People v Smith, 258 AD2d 245, 249-250 [4th Dept 1999]), nor accompanied by an affidavit or certification laying a foundation for the documents as business records or another exception to the rule against hearsay. (People v Ramos, 13 NY3d 914, 915 [2010]; People v Vargas, 99 AD3d 481, 481 [1st Dept 2012]; IRB-Brasil Resseguros S.A. v Portobello Intl. Ltd., 84 AD3d 637, 637-638 [1st Dept 2011]; Babikian v Nikki Midtown, LLC, 60 AD3d 470, 471 [1st Dept 2009].)
While a judgment’s uncollectibility is typically a defense to a claim that, but for defendants’ negligence, a plaintiff would have collected a judgment in an underlying action (see e.g. Lindenman v Kreitzer, 105 AD3d 477, 479 [1st Dept 2013]; Cosentino v Sullivan Papain Block McGrath & Cannavo, P.C., 95 AD3d 603, 603 [1st Dept 2012]), here, where plaintiff obtained a higher judgment after losing the 2006 judgment, that later judgment’s uncollectibility is key to his prima facie claim of damages from loss of the 2006 judgment. Even if the court considers the allegation by plaintiff’s attorney in reply, however, that an asset search in 2012 showed San Miguel’s ownership of various assets including a restaurant that later *984 ceased business (reply aff of Loretta McHenry ¶ 39), the identified assets only undermine plaintiff’s claim that the 2012 judgment has been consistently uncollectible. Yet, if the court disregards that allegation, plaintiff still fails, even in reply, to show that the 2012 judgment has been and will be uncollectible since 2012 and for 20 years from 2012 (CPLR 211 [b]), to constitute actual and ascertainable injury resulting from his loss of the opportunity to collect the 2006 judgment. (E.g. Lindenman v Kreitzer, 7 AD3d 30, 35 [1st Dept 2004].) Nor does he show that collection of $761,200 after May 2012 is worth less than collection of $385,308.75 between 2006 and 2012.
A deed of property to San Miguel for $780,000 and another deed immediately conveying the property from San Miguel to a corporate owner for $10 in November 2006, assuming both deeds are adequately certified and authenticated, shows only that the August 2006 judgment may have been collectible until the November 2006 transfer. The transfer, in turn, shows that the judgment might have been enforced by establishing a fraudulent conveyance. Plaintiff, however, does not claim defendants’ negligent failure either to collect the 2006 judgment or to enforce it by establishing a fraudulent conveyance. The availability of $780,000 in cash at a particular juncture or the availability of an asset dependent on establishing a fraudulent conveyance, in any event, does not demonstrate as a matter of law that plaintiff could have and would have collected the 2006 judgment at any time before May 2012. (Hass & Gottlieb v Sook Hi Lee, 55 AD3d 433, 433 [1st Dept 2008]; Gladstone v Ziegler, 46 AD3d 366, 366 [1st Dept 2007]; see Rudolfo Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 443; Kaminsky v Herrick, Feinstein LLP, 59 AD3d at 12.)
Yet, as the underlying action still was pending against San Miguel from the vacatur of the 2006 judgment in September 2008 through to the May 2012 judgment, he still might have enforced the later judgment by establishing a fraudulent conveyance in November 2006. (CPLR 213 [1], [8]; Debtor and Creditor Law §§ 273, 273-a, 275, 276; Miller v Polow, 14 AD3d 368, 368-369 [1st Dept 2005]; see Jaliman v D.H. Blair & Co. Inc., 105 AD3d 646, 647 [1st Dept 2013]; Avalon, LLC v Coronet Props. Co., 16 AD3d 209, 210 [1st Dept 2005].) Moreover, were he to claim a fraudulent conveyance under Debtor and Creditor Law § 273-a, the statute of limitations would have begun to run only when the 2012 judgment was entered, rather than when the fraudulent conveyance occurred. (Coyle v Lefkowitz, *985 89 AD3d 1054, 1056 [2d Dept 2011]; see Wall St. Assoc. v Brodsky, 257 AD2d 526, 530 [1st Dept 1999].)
V. Conclusion
For all the reasons explained above, plaintiff fails to meet his burden to demonstrate the absence of any factual issue whether defendants were negligent in failing to serve San Miguel with notices and whether plaintiff suffered actual and ascertainable damages from that failure. (CPLR 3212 [b]; Meralla v Goldenberg, 126 AD3d at 450-451; Mortenson v Shea, 62 AD3d 414, 415 [1st Dept 2009].) Until plaintiff establishes actual and ascertainable damages from not recovering the $385,308.75 judgment due to defendants’ professional negligence, his entitlement to damages in the form of interest on that judgment is academic. (CPLR 5001, 5002.)
Consequently, the court denies plaintiff’s cross motion for summary judgment on his fourth claim for legal malpractice and his fifth claim for interest. (CPLR 3212 [b].) As set forth above, the court grants defendants’ motion for summary judgment only to the extent of dismissing the complaint’s second, third, and sixth claims and otherwise denies their motion. (CPLR 3212 [b], [e].)