Buxton v Zukoff (2021 NY Slip Op 06942)





Buxton v Zukoff


2021 NY Slip Op 06942


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Kern, J.P., Kennedy, Scarpulla, Mendez, Shulman, JJ. 


Index No. 160223/15 Appeal No. 14829 Case No. 2021-01602 

[*1]Jimmy Buxton et al., Plaintiffs,
v
Seth D. Zukoff et al., Defendants-Respondents.
Seth D. Zukoff et al., Third-Party Plaintiffs-Respondents,
v
Raphaelson & Levine Law Firm, P.C., Third-Party Defendant-Appellant, Levine & Grossman, Third-Party Defendant.


Winget, Spadafora & Schwartzberg, LLP, New York (Anthony D. Green of counsel), for appellant.
Kennedys CMK, New York (Hilary F. Simon of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered October 16, 2020, which, to the extent appealed from, denied third-party defendant Raphaelson & Levine Law Firm, P.C.'s (R&L) motion for summary judgment dismissing the third-party complaint against it, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The injured plaintiff claims that defendants Seth Zukoff and his law firm (together, Zukoff) failed to timely file a notice of claim against the appropriate parties regarding his motor vehicle accident involving a Nassau County public bus on November 7, 2012. Pursuant to General Municipal Law § 50-e, the notice of claim should have been served within 90 days, or by February 5, 2013. On July 16, 2013, plaintiffs discharged Zukoff as counsel and retained third-party defendant R&L. Two months later, R&L discovered that Zukoff had failed to timely file the notice of claim and formally terminated its legal representation of plaintiffs in person and via written letter. Pursuant to General Municipal Law § 50-e (5), plaintiffs had to seek leave to serve a late notice of claim within one year and 90 days of the accident, i.e., February 5, 2014. That deadline passed without plaintiffs retaining new counsel or any legal action taken. Plaintiffs then retained a third legal counsel, which filed a personal injury action that was ultimately dismissed for failure to serve a timely notice of claim.
Zukoff's legal malpractice claim against R&L must be dismissed. R&L established prima facie that it provided the advice expected of legal counsel exercising ordinary reasonable skill and knowledge and that it did not breach any duty toward plaintiffs (see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 49-50 [2015]). Moreover, it terminated its attorney-client relationship through a September 11, 2013 letter that was received by plaintiffs approximately five months before the General Municipal Law § 50-e deadline, and such notice provided sufficient time for plaintiffs to retain successor counsel and pursue their claim (see Cabrera v Collazo, 115 AD3d 147, 151 [1st Dept 2014]). R&L also took steps to avoid any negligence by expressly advising plaintiffs that a limitations period existed, using layman's language to explain the last day to commence a lawsuit, and urging them to contact counsel immediately to ensure the action was timely filed and to avoid jeopardizing their rights or allowing any legal deadlines to expire (see Mortenson v Shea, 62 AD3d 414, 415 [1st Dept 2009]; see also Clissuras v City of New York, 131 AD2d 717, 718-719 [2d Dept 1987], appeal dismissed 70 NY2d 795 [1987]). In opposition, Zukoff failed to raise an issue of fact with respect to its claim that R&L breached its duty toward plaintiffs.
As R&L did not owe a duty to plaintiffs or Zukoff to seek leave to file a late notice of claim after it terminated the attorney-client relationship[*2], Zukoff's indemnification and contribution claims must also be dismissed against it.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021