■ JOEL WARSHAW et al., Respondents, v CARLIS REALTY CORP. et al., Defendants, and INCORPORATED VILLAGE OF GREAT NECK PLAZA, Appellant. — In an action to recover damages for personal injuries, etc., the defendant Incorporated Village of Great Neck Plaza (hereinafter the Village) appeals from so much of (1) an order of the Supreme Court, Nassau County (Christ, J.), dated May 16, 1984, as granted plaintiffs' motion for a severance of the action as against the Village and for a default judgment against it and denied those branches of its cross motion which were to vacate its default in answering the complaint and to compel the plaintiffs to accept its answer, and (2) an order of the same court, dated June 25, 1984, as upon reargument of the plaintiffs' motion and those branches of its cross motion which were to vacate its default and to compel plaintiffs to accept its answer, adhered to the original determination.

Appeal from the order dated May 16, 1984, dismissed, without costs or disbursements. That order was superseded by the order dated June 25, 1984, made upon reargument.

Order dated June 25, 1984, reversed insofar as appealed from, without costs or disbursements, and upon reargument, so much of the order dated May 16, 1984, as granted the plaintiffs' motion for a severance against the Village and denied those branches of the Village's cross motion which were to vacate its default in answering and to compel plaintiffs to accept its answer vacated, plaintiffs' motion denied, and those branches of

appellant's cross motion granted on condition that appellant's counsel personally pay plaintiffs the sum of $500. The time to pay the $500 is extended until 30 days after service upon appellant's counsel of a copy of the order to be made hereon, with notice of entry. In the event the condition is not complied with, then order dated June 25, 1984, affirmed, with costs. Upon compliance with the condition, appellant's proposed answer, which was annexed to its papers in opposition to plaintiffs' motion and in support of its cross motion, is deemed timely served.

In view of (1) the minimal period of delay in serving the answer, (2) the lack of prejudice to plaintiffs, and (3) the submission by the appellant of affidavits demonstrating the existence of meritorious defenses to the action, Special Term abused its discretion in granting plaintiffs' motion for leave to enter a default judgment against appellant and denying the appellant's cross motion to vacate its default in answering the complaint (CPLR 2005; *Wagenknecht v Government Employees Ins. Co.,* 97 AD2d 407; *cf. Junior v City of New York,* 85 AD2d 683).

Nevertheless, we have imposed a sanction upon appellant's attorneys due to their failure to seek an extension of the time to answer by written stipulation or court order within 20 days after personal service of the summons and complaint (*Wagenknecht v Government Employees Ins. Co., supra*). Mangano, J. P., Bracken, Rubin and Kunzeman, JJ., concur.