■ FORT MADISON ASSOCIATES, Appellant, v JOHN CALDARARO, Respondent, et al., Defendants. [720 NYS2d 808] —In an action to recover damages for conversion, the plaintiff appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), dated January 12, 2000, which granted the motion of the defendant John Caldararo for leave to renew his prior motion to vacate a judgment entered December 8, 1997, upon his default and, upon renewal, granted that motion.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the respondent's motion is denied, and the judgment is reinstated.

A party attempting to vacate a default judgment must establish both a reasonable excuse for the default and a meritorious defense (*see, Putney v Pearlman,* 203 AD2d 333). While the determination as to whether a party has established a reasonable excuse for a default lies within the sound discretion of the trial court, here the court improvidently exercised its discretion (*see, Roussodimou v Zafiriadis,* 238 AD2d 568, 569) in accepting law office failure as a reasonable excuse (*see,* CPLR 2005). The appellant demonstrated a pattern of willful default and neglect by the respondent. Such conduct should not be excused (*see, Eretz Funding v Shalosh Assocs.,* 266 AD2d 184; *Roussodimou v Zafiriadis, supra*). Accordingly, the order must be reversed and the judgment reinstated. O'Brien, J. P., Friedmann, Goldstein and Smith, JJ., concur.