■ FLEXRO, LTD., Respondent, v SUSAN KORN, Appellant. [780 NYS2d 184]—

In an action, inter alia, for specific performance of a contract to sell real property, the defendant appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated May 14, 2003, which granted those branches of the plaintiff's motion which were, in effect, to vacate an order of the same court (Floyd, J.), dated July 18, 2002, granting, without opposition, the defendant's motion to dismiss the complaint and to cancel the notice of pendency filed October 31, 2001, and to vacate a judgment of the same court (Floyd, J.), entered September 26, 2002, dismissing the complaint, and thereupon, reinstated the action.

Ordered that the order is reversed, on the facts and as a matter of discretion, with costs, those branches of the plaintiff's motion which were, in effect, to vacate the order dated July 18, 2002, and to vacate the judgment entered September 26, 2002, are denied, the complaint is dismissed, the notice of pendency filed October 31, 2001, is cancelled, and the order dated July 18, 2002, and judgment entered September 26, 2002, are reinstated.

A party attempting to vacate a default judgment must establish both a reasonable excuse for the default and a meritorious defense or claim (see Catanzaro v Wallenstein, 7 AD3d 479 [2004]). While the determination as to whether a party has

established a reasonable excuse for a default lies within the sound discretion of the trial court, here the court improvidently exercised its discretion (*see Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]) in accepting law office failure as a reasonable excuse. The defendant demonstrated a pattern of willful default and neglect by the plaintiff. Such conduct should not have been excused (*see Lopez v City of New York*, 2 AD3d 693 [2003]; *Matter of Travelers Prop. Cas. Corp. v Bocharova*, 2 AD3d 533 [2003]; *Kaplinsky v Mazor*, 307 AD2d 916 [2003]; *Fort Madison Assoc. v Caldararo*, 280 AD2d 581 [2001]). In addition, the plaintiff failed to establish a meritorious claim. Thus, the Supreme Court improvidently exercised its discretion in vacating the plaintiff's default. Altman, J.P., H. Miller, Townes and Fisher, JJ., concur.