■ In the Matter of GREGORY ZRAKE, Respondent, v NEW YORK CITY DEPARTMENT OF EDUCATION, Appellant. [793 NYS2d 151]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated June 20, 3003, the New York City Department of Education appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated June 25, 2004, which denied its motion pursuant to CPLR 5015 (a) (1) to vacate a prior order of the same court dated October 31, 2003, which, upon its default in appearing, granted the petitioner's prior motion to vacate the award.

Ordered that the order is reversed, on the facts and as an exercise of discretion, with costs, the motion is granted, the order dated October 31, 2003, is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

A party seeking to vacate an order entered upon its default is required to demonstrate both a reasonable excuse for the default and the existence of a meritorious cause of action or defense (*see* CPLR 5015 [a] [1]; *Carnazza v Shoprite of Staten Is.*, 12 AD3d 393 [2004]; *Henry v Kuveke*, 9 AD3d 476 [2004]; *Weekes v Karayianakis*, 304 AD2d 561 [2003]; *Parker v City of New York*, 272 AD2d 310 [2000]). Although it is generally within the sound discretion of the Supreme Court to determine what constitutes a reasonable excuse, reversal is warranted if that discretion is improvidently exercised (*see Orwell Bldg. Corp. v Bessaha*, 5 AD3d 573 [2004]).

In this case, the Supreme Court improvidently exercised its discretion in denying the motion of the New York City Department of Education (hereinafter the DOE) to vacate its default. "There is evidence in [the] record that the case was originally marked 'off' because of a failure of communication involving

the court clerk" (*Coughlin v Merchants Mut. Ins. Co.*, 58 AD2d 913 [1977]). Further, the DOE timely served its cross motion to dismiss the petition upon its adversary. However, due to misunderstandings on the part of the court clerk, the cross motion was not accepted for filing, although timely. The petition thereafter was granted on default. Under the circumstances, counsel for the DOE offered a detailed and credible excuse for its default. Moreover, DOE's submissions were sufficient to demonstrate the existence of a potentially meritorious defense (*see Carnazza v Shoprite of Staten Is., supra* at 394).

Accordingly, given the strong public policy in favor of resolving cases on the merits, the DOE's lack of intent to abandon the proceeding, the lack of prejudice to the petitioner, and the fact that the DOE's conduct was not willful, the DOE should have been permitted to file its cross motion and have its contentions considered on the merits (*see Henry v Kuveke, supra* at 479). H. Miller, J.P., Cozier, Rivera and Skelos, JJ., concur.