■ NAZEER AHMAD, Respondent, v THOMASZ ANIOLOWISKI, Doing Business as TOM'S CARPENTRY & PAINTING, Appellant. [814 NYS2d 666]—

In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered June 27, 2005, which denied his motion pursuant to CPLR 3012 (d) and 5015 (a) (1) to vacate a prior order of the same court entered May 5, 2005, granting the plaintiff's motion for leave to enter a judgment against him on the issue of liability upon his failure to appear and answer and directing an inquest on damages, and for an extension of time to serve and file an amended answer.

Ordered that the order is reversed, on the law, the facts, and as an exercise of discretion, with costs, the motion is granted, the order entered May 5, 2005 is vacated, the amended answer annexed to the defendant's motion papers is deemed served on the plaintiff, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings.

A strong public policy exists which favors the disposition of matters on their merits (*see Bunch v Dollar Budget, Inc.,* 12 AD3d 391 [2004]). A party seeking to vacate an order entered upon his or her default is required to demonstrate both a reasonable excuse for the default and the existence of a meritorious cause of action or defense (*see* CPLR 5015 [a] [1]; *Hageman v Home Depot U.S.A., Inc.,* 25 AD3d 760 [2006]; *Matter of Zrake v New York City Dept. of Educ.,* 17 AD3d 603 [2005]). The determination of whether or not to vacate a default in answering is generally left to the sound discretion of the court (*see Hegarty v*

*Ballee*, 18 AD3d 706 [2005]). While it is generally within the discretion of the court to determine what constitutes a reasonable excuse, reversal is warranted if that discretion is improvidently exercised (*see Matter of Zrake v New York City Dept. of Educ.*, 17 AD3d at 603; *Flexro, Ltd. v Korn*, 9 AD3d 445, 445-446 [2004]; *Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]).

The Supreme Court improvidently exercised its discretion in denying the defendant's motion pursuant to CPLR 5015 (a) (1) to vacate the order entered May 5, 2005, granting the plaintiff's motion for leave to enter a judgment against the defendant on the issue of liability upon his failure to appear and answer, and pursuant to CPLR 3012 (d) for an extension of time to serve and file an amended answer. The defendant, who conceded that he received the summons and complaint, filed a pro se answer with the Westchester County Clerk on September 20, 2004, within the required time period to do so (*see* CPLR 320 [a]). He failed, however, to serve the plaintiff with a copy of the answer. Similarly, in response to the plaintiff's motion for leave to enter a default judgment, the defendant filed his answer with the County Clerk, but did not serve the plaintiff. Clearly, the defendant made a good faith, albeit unsuccessful, attempt to timely answer the summons and complaint and to respond to the motion. The Supreme Court should have considered the absence of any evidence that the defendant's default was intentional, made in bad faith, or with an intent to abandon the action (*see Dye v Columbia*, 280 AD2d 513, 514 [2001]; *Cadle Co. II v Becker*, 261 AD2d 201 [1999]). Further, a review of the defendant's affidavit and the documents submitted on the motion demonstrate a potentially meritorious defense to the breach of contract action (*see Henry v Kuveke*, 9 AD3d 476, 479-480 [2004]). Finally, the plaintiff has neither alleged nor established that he would be prejudiced by vacating the default and hearing the matter on the merits (*see Hyde Park Motor Co., Inc. v Sucato*, 24 AD3d 724 [2005]; *Warshaw v Carlis Realty Corp.*, 111 AD2d 919, 920 [1985]).

Given the strong public policy in favor of resolving cases on the merits, the defendant's lack of a willful default or intent to abandon the action, and the lack of prejudice to the plaintiff, the Supreme Court should have granted the defendant's motion pursuant to CPLR 5015 (a) (1) and 3012 (d) to vacate the default and extend the time for the defendant to serve and file an amended answer. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.