■ In the Matter of SOLID WASTE SERVICES, INC., Doing Business as J.P. MASCARO & SONS, Appellant, v NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION, Respondent. [814 NYS2d 151]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered February 8, 2005, which dismissed this proceeding, brought pursuant to CPLR article 78, for failure to join a necessary party, unanimously affirmed, without costs.

Necessary parties are those "who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action" (CPLR 1001 [a]). In a CPLR article 78 proceeding, the governmental agency that performed the challenged action must be a named party (*see Matter of McNeill v Town Bd. of Town of Ithaca*, 260 AD2d 829 [1999], *affd* 93 NY2d 812 [1999]).

In seeking vacatur of the decision of the Contract Dispute Resolution Board (CDRB), petitioner named only the Department of Environmental Protection (DEP), whose contract it had allegedly breached (*see Matter of Headriver, LLC v Town Bd. of Town of Riverhead*, 2 NY3d 766 [2004]). Given this omission, petitioner seeks leave to proceed without CDRB, pursuant to CPLR 1001 (b). While petitioner has no further remedy, and DEP does not claim prejudice, CDRB is still an indispensable party to this proceeding. The failure to join CDRB within the statutory period resulted solely from attorney error, which is not one of the "rare case" factors enumerated in section 1001 (b) militating in favor of allowing this proceeding to continue (*cf. Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*, 5 NY3d 452 [2005]). Concur—Tom, J.P., Mazzarelli, Friedman, Marlow and Malone, JJ.