■ B & F SKILLED, INC., et al., Appellants, v IRIS WEINSHALL, as Commissioner of the New York City Department of Transportation, et al., Respondents. [845 NYS2d 249]—

Judgment, Supreme Court, New York County (Marylin G. Diamond, J.), entered July 12, 2006, denying the petition and dismissing this CPLR article 78 proceeding, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered June 28, 2006, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Petitioners' attorneys failed to join the Contracts Dispute Resolution Board as a party respondent, despite a provision in the contracts requiring submission of any dispute for resolution by that body as a last step before commencing an article 78 proceeding. The statute of limitations has already run. These circumstances are virtually indistinguishable from *Matter of Solid Waste Servs., Inc. v New York City Dept. of Envtl. Protection* (29 AD3d 318 [2006], *lv denied* 7 NY3d 710 [2006]), and we decline to revisit our holding in that case. Were we to reach the merits, we would find petitioners' challenge to the July 2003 policy statement—that they could not invoice for the absent companions of disabled children they had contracted to transport—to be the operative determination from which the time to raise a challenge was measured, and their February 16, 2005 notice of dispute was untimely. The policy statement was a determination within the meaning of the contracts, and the later rejection of petitioners' invoices did not extend the accrual of their claims. Moreover, as in *Solid Waste*, the late notice of dispute attributable to attorney error and the running of the limitations period militate against allowing the proceeding to go forward without joinder (CPLR 1001).

We have considered petitioners' other contentions and find them unavailing. Concur—Tom, J.P., Saxe, Sullivan, Gonzalez and Sweeny, JJ.