■ MILDRED LAWN, Respondent, v JENNIFER GIGLIOTTI, Appellant. [870 NYS2d 794]—In an action to recover damages for false arrest and false imprisonment, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated October 18, 2007, as denied her motion pursuant to CPLR 5015 (a) to vacate a judgment of the same court entered June 20, 2007, upon her defaults in appearing at a compliance conference, at trial, and at an inquest on damages, in favor of the plaintiff and against her in the principal sum of $55,355.50.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the motion pursuant to CPLR 5015 (a) to vacate the judgment entered June 20, 2007 is granted.

The Supreme Court improvidently exercised its discretion in denying the defendant's motion pursuant to CPLR 5015 (a) to vacate the default judgment. Under the peculiar circumstances of this action, the defendant presented both reasonable excuses for her defaults in appearing (see Matter of Zrake v New York City Dept. of Educ., 17 AD3d 603, 603-604 [2005]; Beneficial Fin. Co. of N.Y. v Kramer, 48 AD2d 822 [1975]) and a meritorious defense to the action (see generally Levy v Grandone, 14 AD3d 660, 661 [2005]; Kandekore v Town of Greenburgh, 243 AD2d 610 [1997]; People v Bero, 139 AD2d 581, 584 [1988]).

In light of our determination, we need not reach the defendant's remaining contention. Skelos, J.P., Dillon, Carni and Leventhal, JJ., concur.