■ In the Matter of SILVA HURSTON, Respondent, v KENDALL SOUTHLEA, Appellant. [937 NYS2d 607]

The Family Court providently exercised its discretion in denying the father's motion to vacate the order of disposition entered December 26, 2002, upon his default in appearing at a hearing. A party seeking to vacate a default must establish a reasonable excuse for the default and a potentially meritorious defense (*see* CPLR 5015 [a] [1]; *Matter of Morales v Marma*, 88 AD3d 722, 722 [2011]; *Matter of Petulla v Petulla*, 85 AD3d 925, 926 [2011]). " 'The determination whether to relieve a party of an order entered upon his or her default is a matter left to the sound discretion of the Family Court' " (*Matter of Cassidy Sue R.*, 58 AD3d 744, 745 [2009], quoting *Matter of Francisco R.*, 19 AD3d 502, 502 [2005]; *see Matter of Tenisha Tishonda T.*, 302 AD2d 534, 534 [2003]). Here, the father failed to establish a reasonable excuse for his default (*see Matter of Joosten v Joosten*, 32 AD3d 1030, 1030 [2006]; *Matter of Lutz v Goldstone*, 31 AD3d 449, 450 [2006]; *Matter of Oliphant v Oliphant*, 21 AD3d 376 [2005]).

The father's remaining contentions either are without merit, refer to matter dehors the record, or are otherwise not properly before this Court. Angiolillo, J.P., Dickerson, Austin and Cohen, JJ., concur.