■ In the Matter of JENNY F., Respondent, v FELIX C., Appellant. [993 NYS2d 698]—

Order, Family Court, New York County (Susan K. Knipps, J.), entered on or about February 22, 2013, which denied respondent father's motion to vacate a five-year order of protection entered after an inquest conducted upon his default, unanimously affirmed, without costs. Appeal from order of protection, same court and Judge, entered on or about December 3, 2012, unanimously dismissed, without costs, as taken from a nonappealable paper.

Respondent failed to demonstrate a reasonable excuse for his failure to appear at the hearing on the family offense petition (*see* CPLR 5015 [a] [1]; *see e.g. Matter of Yadori Marie F. [Osvaldo F.]*, 111 AD3d 418, 419 [1st Dept 2013]). His contention that he "totally forgot" about the hearing date and thought his employer would remind him of the date is unreasonable. Respondent was present during the scheduling of the hearing and it was his responsibility to ensure that he appeared on the scheduled date (*see e.g. Matter of Yadori*, 111 AD3d at 419). Further, the court properly denied his counsel's request for an adjournment, as counsel failed to offer any explanation for respondent's absence (*Matter of Keith H. [Logann M.K.]*, 113 AD3d 555, 556 [1st Dept 2014], *lv denied* 23 NY3d 902 [2014]). Since respondent failed to offer a reasonable excuse for his default, we need not determine whether he offered a meritorious defense to the family offense petition (*see Matter of Yadori*, 111 AD3d at 419).

No appeal lies from the order of protection, which was entered upon respondent's default (CPLR 5511; *see e.g. Matter of Nyree S. v Gregory C.*, 99 AD3d 561, 562 [1st Dept 2012], *lv denied* 20 NY3d 854 [2012]). Concur—Gonzalez, P.J., Saxe, Richter, Feinman and Kapnick, JJ.