■ In the Matter of MARIE CRAI, Respondent, v ROBERT CRAI, Appellant. [19 NYS3d 781]—

Appeal from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), dated December 24, 2014. The order denied the father's objections to an order of that court (Rosa Cabanillas-Thompson, S.M.) dated September 19, 2014, which denied his motion pursuant to CPLR 5015 (a) to vacate an order of that court (Rosa Cabanillas-Thompson, S.M.) dated September 10, 2014, which, upon his failure to appear at a

hearing, granted the mother's petition for an upward modification of his child support obligation.

Ordered that the order dated December 24, 2014, is affirmed, without costs or disbursements.

A party seeking to vacate a default must establish a reasonable excuse for the default, as well as a potentially meritorious defense to the relief sought in the petition (*see* CPLR 5015 [a] [1]; *Matter of Hurston v Southlea*, 91 AD3d 952 [2012]; *Matter of Morales v Marma*, 88 AD3d 722 [2011]; *Matter of Petulla v Petulla*, 85 AD3d 925 [2011]). The determination of whether to relieve a party of an order entered upon his or her default is within the sound discretion of the Family Court (*see Matter of Hurston v Southlea*, 91 AD3d 952 [2012]; *Matter of Cassidy Sue R.*, 58 AD3d 744 [2009]; *Matter of Francisco R.*, 19 AD3d 502 [2005]). Here, the father's proffered excuse for failing to appear at a scheduled hearing on the mother's petition for an upward modification of his child support obligation was that he had "an anxiety condition" which made him "unable to fully concentrate at times," and "could cause intermittent confusion." This excuse is both too general and too equivocal to explain why he failed to appear at the hearing, of which he admits he was provided notice (*see Matter of Jenny F. v Felix C.*, 121 AD3d 413 [2014]; *Matter of Mariah A. [Hugo A.]*, 109 AD3d 751 [2013]; *Matter of Jaynices D. [Yesenia Del V.]*, 67 AD3d 518 [2009]; *Matter of Gloria Marie S.*, 55 AD3d 320 [2008]). Since the father failed to demonstrate a reasonable excuse for the default, we need not consider whether he offered a potentially meritorious defense to the mother's petition (*see Matter of Jenny F. v Felix C.*, 121 AD3d 413 [2014]; *Matter of Yadori Marie F. [Osvaldo F.]*, 111 AD3d 418 [2013]; *Deutsche Bank Natl. Trust Co. v Conway*, 99 AD3d 755 [2012]; *Fremont Inv. & Loan v Bertram*, 90 AD3d 988 [2011]). Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order denying his motion to vacate his default. Dillon, J.P., Hall, Cohen and Barros, JJ., concur.