██ In the Matter of MARLITA BROWN, Respondent, v JOHN M. ELEY III, Appellant. [27 NYS3d 241]—

Appeal from an order of the Family Court, Nassau County (Patricia A. Harrington, J.), dated June 20, 2014. The order denied the father's objections to an order of that court (Kathleen Watson, S.M.) dated April 7, 2014, which denied his motion to vacate a prior order dated January 27, 2014, which, upon his failure to appear, granted the mother's petition for an upward modification of his child support obligation.

Ordered that the order dated June 20, 2014 is affirmed, without costs or disbursements.

The mother filed a modification petition, seeking an increase in child support to include the father's 45% pro rata share of the college expenses of the parties' child. After requesting and being granted a change of venue, the father failed to appear, and the Support Magistrate, in an order dated January 27, 2014, granted the petition upon his default. The father moved to vacate the default order, arguing that he never received the summons to appear after the case was transferred from Queens County to Nassau County. In an order dated April 7, 2014, the Support Magistrate denied the father's motion. In the order appealed from, the Family Court denied the father's objections to the order dated April 7, 2014, finding that he failed to provide any credible evidence to support his claim of nonreceipt of the summons. The father appeals.

"A party seeking to vacate a default must establish a reasonable excuse for the default, as well as a potentially meritorious defense to the relief sought in the petition" (*Matter of Crai v Crai*, 134 AD3d 705, 706 [2015]). "The determination of whether to relieve a party of an order entered upon his or her default is within the sound discretion of the Family Court" (*id.* at 706). Here, the Family Court properly denied the father's

objections to the Support Magistrate's order denying his motion to vacate the order entered upon his default, as he failed to proffer a reasonable excuse for the default (*see Matter of Colagioia v Colagioia*, 129 AD3d 955 [2015]). Since the father failed to demonstrate a reasonable excuse for the default, we need not consider whether he offered a potentially meritorious defense to the mother's modification petition (*see Matter of Crai v Crai*, 134 AD3d at 706; *Matter of Martin v Cooper*, 96 AD3d 849, 850 [2012]). Dillon, J.P., Chambers, Dickerson and Barros, JJ., concur.