Matter of Espinal-Melendez v Vasquez (2018 NY Slip Op 02617)





Matter of Espinal-Melendez v Vasquez


2018 NY Slip Op 02617


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-04828
 (Docket No. F-14566-15/16A)

[*1]In the Matter of Brunilda Espinal-Melendez, respondent,
v Luis A. Vasquez, appellant.


Laurette D. Mulry, Central Islip, NY (Jose F. Canosa of counsel), for appellant.



DECISION & ORDER
In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Suffolk County (Frank A. Tantone, J.), dated April 21, 2017. The order of commitment, in effect, confirmed findings of fact and an order of disposition of the same court (Darlene Jorif-Mangane, S.M.), both dated March 13, 2017, finding that the father willfully violated a prior order of child support, and committed him to the custody of the Suffolk County Correctional Facility for a period of 60 days unless he paid the purge amount of $5,000.
ORDERED that the appeal from so much of the order of commitment as committed the father to the Suffolk County Correctional Facility for a period of 60 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Becker v Guenther, 150 AD3d 985); and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
In September 2015, the mother commenced a proceeding pursuant to Family Court Act article 4 against the father for child support. On December 16, 2015, the Family Court held an inquest, at which the father did not appear. In an order dated December 17, 2015, entered upon the father's default, the court directed the father to pay the sum of $1,428.50 per month in child support. In July 2016, the mother commenced this proceeding alleging that the father was in willful violation of the support order. Thereafter, the father moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the support order. After a hearing, a Support Magistrate found that the father had willfully violated the support order. In an order of disposition dated March 13, 2017, the court, among other things, denied the father's motion. In an order of commitment dated April 21, 2017, the court, in effect, confirmed the Support Magistrate's finding of willfulness, and committed the father to the custody of the Suffolk County Correctional Facility for a period of 60 days unless he paid the purge amount [*2]of $5,000. The father appeals from the order of commitment.
The appeal from so much of the order of commitment as committed the father to the custody of the Suffolk County Correctional Facility for a period of 60 days must be dismissed as academic, as the period of incarceration has ended. However, in light of the enduring consequences which could flow from the determination that the father violated the support order, the appeal from so much of the order of commitment as, in effect, confirmed the determination that the father was in willful violation of the order of child support is not academic (see Matter of Becker v Guenther, 150 AD3d 985). Further, the denial of the father's motion, inter alia, to vacate the support order entered upon his default, is brought up for review on the appeal from the order of commitment (see Matter of Heinz v Faljean, 57 AD3d 665).
Contrary to the father's contention, the Family Court providently exercised its discretion in denying his motion, inter alia, to vacate the support order entered upon his default. The court's determination that the father failed to show a reasonable excuse for his default is supported by the record and should not be disturbed (see Matter of Johanna B. [Grace B.], 157 AD3d 668). Since the father did not have a reasonable excuse for his default, this Court need not determine whether he established a potentially meritorious defense (see Matter of Brown v Eley, 137 AD3d 1024, 1025).
Furthermore, the Family Court properly, in effect, confirmed the Support Magistrate's finding that the father willfully violated the support order. "Failure to pay support, as ordered, constitutes prima facie evidence of a willful violation" (Schad v Schad, 158 AD3d 705, 706; see Family Ct Act § 454[3][a]; Matter of Densing v Densing, 107 AD3d 711). "Thus, proof that a respondent has failed to pay support as ordered establishes the petitioner's direct case of willful violation, shifting the burden to the respondent to offer competent, credible evidence of his or her inability to make the payments as ordered" (Schad v Schad, 158 AD3d at 706; see Matter of Powers v Powers, 86 NY2d 63, 69-70). Here, after the mother established, prima facie, that the father failed to meet his support obligation set forth in the order dated December 17, 2015, the father failed to come forward with competent, credible evidence that his failure to pay was not willful (see Schad v Schad, 158 AD3d at 706). We find no basis to reject the Support Magistrate's finding that the father's claimed lack of income and inability to work lacked credibility (see Matter of Pace v Douglas, 141 AD3d 530, 531-532).
The father's remaining contentions are either without merit or not properly before this Court.
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court