Gately v Drummond (2018 NY Slip Op 03507)





Gately v Drummond


2018 NY Slip Op 03507


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-00258
 (Index No. 6899/13)

[*1]Theresa A. Gately, plaintiff, 
v
Thomas Drummond, appellant.


Reisman, Rubeo, McClure & Altman, LLP, Hawthorne, NY (Mark I. Reisman and Sharman T. Propp of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for breach of contract and unjust enrichment, the defendant appeals from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated November 18, 2015. The order, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 5015(a)(1) to vacate a judgment of the same court dated October 31, 2014, entered upon his failure to appear at a hearing and an inquest, and pursuant to CPLR 3025(b) for leave to serve an amended answer.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate the judgment dated October 31, 2014, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action, by summons with notice dated November 21, 2013, against the defendant, her son, to recover damages for breach of contract and unjust enrichment. The plaintiff alleged that in approximately 2005, she loaned the defendant $250,000 to purchase a home (hereinafter the subject property), which the defendant then purchased. The plaintiff further alleged that as part of the loan agreement, she would be permitted to reside at the subject property, and the defendant agreed to repay the loan when the plaintiff decided that she no longer wished to reside there.
The defendant retained an attorney to represent him in this action. The attorney was a longtime friend of the defendant and his wife. The attorney's wife had represented the defendant and his wife when they purchased the subject property.
After the complaint, dated January 16, 2014, was filed, the plaintiff moved for leave to enter a default judgment on the ground that the defendant had failed to serve a timely answer. The defendant opposed the motion and submitted an answer and an affidavit of service to demonstrate that the answer had been timely served. In an order dated March 31, 2014, the Supreme Court denied the plaintiff's motion.
The plaintiff thereafter moved for leave to renew her motion for leave to enter a default judgment on the ground that the defendant's opposition papers had not been timely served. The Supreme Court, in effect, reserved decision on the plaintiff's motion for leave to renew and [*2]directed the parties to appear for a hearing on July 10, 2014, to determine whether the answer had been timely served.
The defendant failed to appear at the hearing. The Supreme Court found the defendant to be in default and scheduled an inquest on the issue of damages. The defendant failed to appear at the inquest, which was held on October 23, 2014. The court thereafter issued, upon the defendant's default, a judgment dated October 31, 2014, in favor of the plaintiff and against the defendant in the principal sum of $249,982.
By notice of motion dated October 19, 2015, the defendant moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the judgment and pursuant to CPLR 3025(b) for leave to serve an amended answer. In an affidavit submitted in support of his motion, the defendant stated that after he retained the attorney to represent him, and after his answer was served, he never received notice of the hearing. The defendant stated that he contacted his attorney sometime around July 30, 2014, to inquire about the status of the case, and on numerous occasions thereafter, but his attorney did not inform him of the default. The defendant first learned of the default when he received a copy of the judgment in the mail on November 26, 2014.
The defendant stated that upon receiving the judgment he forwarded it to his attorney, who assured him that he would take care of the matter. In December 2014, the defendant's attorney sent the defendant an affidavit to sign, which stated that he had not wilfully defaulted in this case. The defendant signed the affidavit and returned it to his attorney on December 16, 2014. Over the course of the next three months, the defendant was unable to contact his attorney despite numerous attempts. The defendant's wife similarly tried to contact the attorney's wife, to no avail. Eventually, the defendant retained new counsel to represent him. His new attorney was also unable to contact the defendant's former attorney.
The plaintiff herself defaulted in opposing the defendant's motion. In the order appealed from, the Supreme Court, among other things, denied those branches of the defendant's motion which were to vacate the default judgment and for leave to serve an amended answer. The defendant appeals.
Pursuant to CPLR 5015(a)(1), a party seeking to vacate a default must demonstrate a reasonable excuse for his or her default and a potentially meritorious claim or defense (see CPLR 5015[a][1]; Matter of Sylvia G. [Carniello—Marlowe], 139 AD3d 851, 853). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion" (Young Su Hwangbo v Nastro, 153 AD3d 963, 965). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877; see Young Su Hwangbo v Nastro, 153 AD3d at 965; Fried v Jacob Holding, Inc., 110 AD3d 56, 60). "[T]he court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue" (Ki Tae Kim v Bishop, 153 AD3d 776, 777; see Scholem v Acadia Realty L.P., 144 AD3d 1012, 1013). "While it is generally within the discretion of the court to determine what constitutes a reasonable excuse, reversal is warranted if that discretion is improvidently exercised" (Ahmad v Aniolowiski, 28 AD3d 692, 693; see Moore v Day, 55 AD3d 803, 804).
Here, the affidavits and documentary evidence submitted by the defendant in support of his motion, taken together, set forth a detailed and credible explanation for the defendant's failure to appear at the hearing and for any delay in moving to vacate his default (see Scholem v Acadia Realty L.P., 144 AD3d at 1013; Swensen v MV Transp., Inc., 89 AD3d 924, 925). In addition, there was no showing of prejudice to the plaintiff, and no evidence that the defendant willfully defaulted or otherwise intended to abandon his defense of this action (see Moore v Day, 55 AD3d at 804; Ahmad v Aniolowiski, 28 AD3d at 693). Furthermore, the defendant's submissions demonstrated a potentially meritorious defense to the complaint (see Elia v Perla, 150 AD3d 962; see also Loris [*3]v S & W Realty Corp., 16 AD3d 729, 731; Quis v Bolden, 298 AD2d 375; cf. MidFirst Bank v Ajala, 146 AD3d 875, 875). Under these circumstances, and cognizant that public policy favors the resolution of cases on the merits, the Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion which was pursuant to CPLR 5015(a) to vacate the default judgment dated October 31, 2014 (see Moore v Day, 55 AD3d at 804; Ahmad v Aniolowiski, 28 AD3d at 693).
However, under the circumstances, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was for leave to serve an amended answer (see CPLR 3025[b]).
DILLON, J.P., MILLER, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court