Matter of Milford Mgt. v New York City Water Bd. (2020 NY Slip Op 00072)





Matter of Milford Mgt. v New York City Water Bd.


2020 NY Slip Op 00072


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Oing, JJ.


10739 161132/17

[*1] In re Milford Management, Petitioner-Appellant,
v
New York City Water Board, et al., Respondents-Respondents.


Christopher Hazen, Staten Island, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Kevin Osowski of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Shlomo Hagler, J.), entered December 17, 2018, which denied the petition to annul a determination of respondent New York City Water Board (Water Board), dated August 17, 2017, finding that petitioner was not entitled to retroactive credits on its sewer bills for having cooling towers, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The Water and Wastewater Rate Schedule promulgated by the Water Board, and administered by respondent New York City Department of Environmental Protection (DEP), neither violates a duty enjoined on respondents by law nor was promulgated in excess of jurisdiction, and instead complies with applicable law (CPLR 7803[1], [2]). The Rate Schedule generally charges for use of the sewer system based on consumption of water (General Municipal Law § 451[1]; see Public Authorities Law § 1045-j[1] [charges appropriate for "services ... made available by() the sewer system"]; Administrative Code of City of NY § 24-514[a] [same, where sewer system is "used or useful"]), and allows for credits where DEP can estimate, "as far as practicable," the sewage to be discharged (Administrative Code of City of NY § 24-514[b][5]).
Nothing in the state or city legislative provisions identified precludes respondents from requiring customers to apply for the credits or from providing credits only prospectively. The regulations are both reasonable and practical given the statutory requirement to ensure that the system is financially self-sufficient (see Public Authorities Law §§ 1045-g[4], 1045-j[1]). "[A] utility has unfettered discretion to fix [rates] as it will so long as invidious illicit discriminations are not practiced and differentials are not utterly arbitrary and unsupported by economic or public policy goals, as it reasonably conceives them'" (Matter of Prometheus Realty Corp. v New York City Water Bd., 30 NY3d 639, 646 [2017], quoting Carey Transp. v Triboro Bridge & Tunnel Auth., 38 NY2d 545, 553 [1976]).
As such, the determination that petitioner was not entitled to retroactive credits beginning April 15, 2010, before it filed an application in 2015, was supported by a rational basis in the record, as petitioner acknowledged that it did not apply before 2015 (Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 232 [1974]).
The argument that respondents should have granted the credits as of May 22, 2015, when petitioner submitted its application, instead of June 1, 2015, when DEP installed remote reading devices on petitioner's cooling tower meters, based upon the text of the Rate Schedule, was not [*2]raised before the administrative agencies and, thus, "may not be raised for the first time before the courts in an article 78 proceeding" (Matter of Peckham, 12 NY3d at 430).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK