Matter of Elaine Langer Trust. (2020 NY Slip Op 00591)





Matter of Elaine Langer Trust.


2020 NY Slip Op 00591


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2018-08830

[*1]In the Matter of Elaine Langer Trust. Theodore F. Langer, appellant; Thomas M. Langer, respondent. (File No. 13-284)


Andrew D. Brodnick, Rye Brook, NY, for appellant.
Thomas M. Langer, Jackson, New Jersey, respondent pro se.



DECISION & ORDER
In a proceeding to settle the final account of the petitioner, Theodore F. Langer, as successor trustee of the Elaine Langer Trust, the petitioner appeals from an order of the Surrogate's Court, Rockland County (Rolf M. Thorsten, A.S.), dated June 4, 2018. The order, insofar as appealed from, denied his motion pursuant to CPLR 5015(a) to vacate a decree of the same court (Thomas E. Walsh II, S.) dated December 28, 2016.
ORDERED that the order is affirmed insofar as appealed from, with costs payable personally by the petitioner.
The facts underlying this appeal are set forth in our decision and order on a related appeal, decided herewith (see Matter of Elaine Langer Trust, ___ AD3d ___ [Appellate Division Docket No. 2017-02432]).
After the Surrogate's Court issued a decree dated December 28, 2016, judicially settling the account of the petitioner, Theodore F. Langer, as successor trustee of the Elaine Langer Trust, and surcharging him $191,568.60 with interest thereon, the petitioner moved pursuant to CPLR 5015(a) to vacate the decree. In an order dated June 4, 2018, the court, inter alia, denied the petitioner's motion to vacate. The petitioner appeals from that portion of the court's order.
"Pursuant to CPLR 5015(a), a court may vacate a decree upon the ground[ ] of excusable default" (Matter of Alayon, 86 AD3d 644, 645). To vacate his default pursuant to CPLR 5015(a)(1), the petitioner was required to establish both a reasonable excuse for the default and a potentially meritorious case (see Matter of Rizzuto, 66 AD3d 1033; Matter of Stewart, 65 AD3d 634, 636). "[T]he determination as to whether a party has established a reasonable excuse [for] a default lies within the sound discretion of the trial court" (Flexro, Ltd. v Korn, 9 AD3d 445, 445-446; see Matter of Strnad v Stevens, 166 AD3d 789, 789).
Contrary to the petitioner's contention, the Surrogate's Court providently exercised its discretion in denying his motion to vacate. The petitioner failed to establish a reasonable excuse for his failure to appear for trial. There is insufficient evidence in the record to establish that he was suffering from a medical condition at the time (see Matter of Strnad v Stevens, 166 AD3d at 789; [*2]Matter of Tamel D. [Curtiz J.—Tanisha R.B.], 156 AD3d 695, 696).
Since the petitioner did not establish a reasonable excuse for his default, we need not reach the issue of whether he presented a potentially meritorious case (see Matter of Strnad v Stevens, 166 AD3d at 789; see Matter of Brown v Eley, 137 AD3d 1024, 1025).
The petitioner's remaining contentions are without merit.
LEVENTHAL, J.P., ROMAN, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court