Matter of A&F Scaccia Realty Corp. v New York City Dept. of Envtl. Protection (2021 NY Slip Op 06995)





Matter of A&F Scaccia Realty Corp. v New York City Dept. of Envtl. Protection


2021 NY Slip Op 06995


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
LARA J. GENOVESI, JJ.


2019-05313
 (Index No. 715482/18)

[*1]In the Matter of A & F Scaccia Realty Corp., respondent, 
v
New York City Department of Environmental Protection, et al., appellants.


Georgia M. Pestana, Corporation Counsel, New York, NY (Scott Shorr and Tahirih M. Sadrieh of counsel), for appellants.
Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Water Board dated June 12, 2018, which affirmed a billing determination of the New York City Department of Environmental Protection dated February 6, 2018, against the petitioner, the New York City Department of Environmental Protection and City of New York appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered March 6, 2019. The order denied the motion of the New York City Department of Environmental Protection and City of New York to vacate a judgment of the same court entered December 7, 2018, inter alia, granting the petition and annulling the determination of the New York City Water Board.
ORDERED that the order is reversed, on the law, with costs, the motion of the New York City Department of Environmental Protection and City of New York to vacate the judgment entered December 7, 2018, is granted, the judgment is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
The petitioner, A & F Scaccia Realty Corp. (hereinafter A & F), is the owner of real property in Queens which is used as a concrete manufacturing plant. After receiving a bill in excess of $88,000 for water and sewer charges, A & F applied for an exception to the standard wastewater allowance, contending that all water used on the property was absorbed in the concrete manufacturing process and no water was discharged into the New York City wastewater sewer system. In a determination dated February 6, 2018, the New York City Department of Environmental Protection (hereinafter the DEP) refused to approve A & F's application while there were delinquent charges on the account, further noting that exceptions to the standard wastewater allowance are only prospectively applied.
A & F continued to challenge the charges, culminating in an appeal which was denied by the New York City Water Board (hereinafter the Water Board) by letter determination dated June 12, 2018, reciting that all properties are required to connect to the sewer system if available, and property owners are required to pay for sewer services even if the sewer system is not being used for sanitary discharge. Furthermore, the Water Board determined that it is the property owner's responsibility to request a rate reduction or elimination by applying for a standard wastewater allowance or an exception thereto, which must be renewed every two years. The Water Board further observed that in this case, there had been no such application since 2007, that allowances are granted prospectively only, and that applications therefor will not be approved if there are delinquent [*2]charges on the account.
A & F commenced this proceeding pursuant to CPLR article 78 against the DEP and the City of New York (hereinafter together the appellants) to review the Water Board's June 12, 2018 determination. The proceeding was unopposed, and by judgment entered December 7, 2018, the Supreme Court, inter alia, granted the petition, annulled the Water Board's June 12, 2018 determination, and directed the Water Board and the appellants to remove all sewer charges in relation to the subject property.
The appellants subsequently moved pursuant to CPLR 5015(a)(1) to vacate the judgment. Characterizing the motion as one for reargument or renewal, the Supreme Court, in an order entered March 6, 2019, denied the motion.
As a preliminary matter, a court may, at any stage of a case and on its own motion, determine whether there has been a failure to join necessary parties (see Matter of Lezette v Board of Educ., Hudson City School Dist., 35 NY2d 272, 282). Nonjoinder of necessary parties may also be raised for the first time on appeal (see Miller v Wendy Joan St. Wecker Trust U/A Aug. 28, 1997, 173 AD3d 1007, 1009).
Here, the appellants correctly contend that the Water Board should be joined as a necessary party to this proceeding. "Persons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants" (CPLR 1001[a]). In a proceeding pursuant to CPLR article 78, the governmental agency which performed the challenged action must be a named party (see Matter of Centeno v City of New York, 115 AD3d 537; Matter of Solid Waste Servs., Inc. v New York City Dept. of Envtl. Protection, 29 AD3d 318; Matter of Emmett v Town of Edmeston, 3 AD3d 816, 818, affd 2 NY3d 817). Since the instant petition challenged the Water Board's June 12, 2018 final determination, and the Water Board is the entity which promulgates the rate schedule of sewer rents and wastewater allowances (see Public Authorities Law § 1045-g[4]) in the discharge of its duties to fix and collect water and sewer charges in order for the City to maintain the water system (see Giuliani v Hevesi, 90 NY2d 27, 34), the Water Board was a necessary party to this proceeding. Indeed, the Water Board would be prejudiced by the judgment purporting to bind its rights when it had no opportunity to be heard (see City of New York v Long Is. Airports Limousine Serv. Corp., 48 NY2d 469, 475). Accordingly, because the Water Board should have been joined in this action and has not been made a party, and because it is subject to the jurisdiction of the court, the judgment must be vacated, and the Supreme Court should order the Water Board summoned in this proceeding so that it may be heard (see CPLR 1001[b]; Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725, 726).
Furthermore, and in any event, contrary to the Supreme Court's determination, the appellants' motion sought to vacate, pursuant to CPLR 5015(a)(1), the judgment entered upon their default and did not seek reargument or renewal of the court's judgment (see Antwine v Shervin Mgt., LLC, 171 AD3d 424, 425). In order to obtain relief from a default judgment pursuant to CPLR 5015(a)(1), the movant must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the petition (see Matter of Gasby v New York City Hous. Auth./Walt Whitman Houses, 142 AD3d 1018). In determining whether a reasonable excuse has been shown, a court should consider all the relevant factors, including the extent of the delay, prejudice to the opposing party, whether the default was willful, and the strong public policy in favor of resolving cases on the merits (see Gately v Drummond, 161 AD3d 947, 949). Here, the appellants provided a detailed, credible excuse of law office failure in explanation for the default (see CPLR 2005; Singh v Sukhu, 180 AD3d 834, 836; Government Empls. Ins. Co. v Avenue C Med., P.C., 166 AD3d 857, 859). There was no showing of prejudice to A & F, and no evidence that the appellants willfully defaulted in responding to the petition (see Gately v Drummond, 161 AD3d at 949).
Furthermore, the appellants set forth a potentially meritorious defense by arguing that the Administrative Code of the City of New York requires buildings to connect to the sewer system when public sewers are made available (see Administrative Code of City of NY § 24-509[c]), the sewer system is deemed available to a commercial building "if a property line of such building is within five hundred feet . . . of the . . . sewer" (id. § 27-901[2][a]), and Public Authorities Law § 1045-j(1) grants the Water Board the authority to fix rates for sewer services which are "furnished, [*3]rendered or made available" by the sewer system. Additionally, Administrative Code § 24-523(3) defines "sewage" to include "industrial waste" and "other wastes" that are similarly discharged into the sewer system.
The appellants also established that A & F failed to apply for wastewater allowance relief pursuant to Section 7 of the Water and Wastewater Rate Schedule promulgated by the Water Board (see Matter of Milford Mgt. v New York City Water Bd., 179 AD3d 432).
Accordingly, while we take no position regarding the ultimate resolution of the parties' competing arguments, we find that the appellants demonstrated a reasonable excuse for their default and a potentially meritorious defense to the petition, such that the motion to vacate should have been granted.
MASTRO, J.P., BRATHWAITE NELSON, IANNACCI and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court