Matter of Brennan v County of Rockland (2022 NY Slip Op 03240)

Matter of Brennan v County of Rockland

2022 NY Slip Op 03240

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
SHERI S. ROMAN
LARA J. GENOVESI, JJ.

2019-08177
 (Index No. 254/18)

[*1]In the Matter of Matthew I. Brennan, appellant,
v
County of Rockland, et al., respondents.

Matthew I. Brennan, New City, NY, appellant pro se.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondents terminating the petitioner from his position as Chairman of the Rockland County Parks Commission, the petitioner appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated May 7, 2019. The order denied the petitioner's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate a prior order and judgment (one paper) of the same court dated December 12, 2018, granting the respondents' motion to dismiss the amended petition and dismissing the proceeding.
ORDERED that the order dated May 7, 2019, is reversed, on the facts and in the exercise of discretion, with costs, the petitioner's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate the order and judgment dated December 12, 2018, is granted, the petitioner's opposition papers are deemed served, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith.
The petitioner commenced this proceeding pursuant to CPLR article 78 against the County of Rockland, among others, to review the respondents' determination terminating the petitioner from the position of Chairman of the Rockland County Parks Commission. The petitioner then filed an amended petition, which the respondents moved to dismiss. The petitioner had until July 13, 2018, to submit opposition papers to the respondents' motion. On July 13, 2018, the petitioner filed opposition papers to the respondents' motion; however, the opposition papers did not contain an affidavit of service. Instead, they contained a paper denominated as a "Pending Affidavit of Service," which had blank spaces with respect to the dates of service and was neither signed nor notarized. In an order and judgment dated December 12, 2018, the Supreme Court granted the respondents' motion as unopposed, and dismissed the proceeding. The court declined to consider the petitioner's opposition papers "[i]n light of the failure to provide proof of service" of those papers upon the respondents.
The petitioner then moved for leave to reargue with respect to the respondents' motion and/or to vacate the December 12, 2018 order and judgment. Although the petitioner's notice of motion was denominated as "Notice of Motion to Reargue," the petitioner's affidavit in support of the motion specifically stated that he was seeking relief pursuant to CPLR 2221(a) to vacate the December 12, 2018 order and judgment. In the order appealed from, dated May 7, 2019, the Supreme Court, which treated the plaintiff's motion as seeking leave to reargue pursuant to CPLR 2221(d), in effect, granted leave to reargue, and, upon reargument, adhered to its prior [*2]determination. The petitioner appeals.
Since the December 12, 2018 order and judgment was entered upon the petitioner's default in opposing the respondents' motion to dismiss the amended petition, the Supreme Court should have treated the petitioner's motion pursuant to CPLR 2221(a), which inartfully sought to vacate that prior order and judgment, as one seeking to vacate the order and judgment pursuant to CPLR 5015(a)(1), and we construe it as such (see U.S. Bank, N.A. v Blagman, 188 AD3d 1284, 1285).
To obtain relief from the order and judgment pursuant to CPLR 5015(a)(1), the petitioner had to demonstrate a reasonable excuse for the default and a potentially meritorious cause of action (see Matter of A & F Scaccia Realty Corp. v New York City Dept. of Envtl. Protection, 200 AD3d 875, 878; Colucci v Gardiners Props., 187 AD3d 844, 845). "In determining whether a reasonable excuse has been shown, a court should consider all the relevant factors, including the extent of the delay, prejudice to the opposing party, whether the default was willful, and the strong public policy in favor of resolving cases on the merits" (Matter of A & F Scaccia Realty Corp. v New York City Dept. of Envtl. Protection, 200 AD3d at 878; see Gately v Drummond, 161 AD3d 947, 949).
Here, the Supreme Court improvidently exercised its discretion in denying the petitioner's motion, in effect, to vacate the December 12, 2018 order and judgment, inter alia, granting the respondents' motion to dismiss the amended petition. The petitioner, who had until July 13, 2018, to submit opposition papers to the respondents' motion, filed pro se opposition papers with the court on July 13, 2018. He failed, however, to properly serve the respondents with a copy of the opposition papers, or to provide the court with proper proof of service. Nonetheless, the petitioner did file with the court a defective affidavit of service, in which dates of service were blank and which was neither signed nor notarized. Moreover, a copy of the opposition papers that the petitioner had emailed to the respondents was later discovered in the "junk" email folder of the respondents' counsel. "Clearly, the [petitioner] made a good faith, albeit unsuccessful, attempt to timely . . . respond to the motion," and the court "should have considered the absence of any evidence that the [petitioner's] default was intentional, made in bad faith, or with an intent to abandon the action" (Ahmad v Aniolowiski, 28 AD3d 692, 693; see Moorer v County of Nassau, 175 AD3d 1404, 1405).
Additionally, the petitioner's arguments in support of the amended petition demonstrate a potentially meritorious cause of action (see Ahmad v Aniolowiski, 28 AD3d at 693). Lastly, the respondents have "neither alleged nor established that [they] would be prejudiced by vacating the default and hearing the matter on the merits" (id.). Therefore, "[g]iven the strong public policy in favor of resolving cases on the merits, the [petitioner's] lack of a willful default or intent to abandon the action, and the lack of prejudice to the [respondents]" (id.), the Supreme Court should have granted the petitioner's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate the December 12, 2018 order and judgment (see Moorer v County of Nassau, 175 AD3d at 1405).
Accordingly, we reverse the order appealed from, grant the petitioner's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate the December 12, 2018 order and judgment, deem the petitioner's opposition papers to the respondents' motion to dismiss the amended petition served (see id.), and remit the matter to the Supreme Court, Rockland County, for a new determination of the respondents' motion to dismiss the amended petition.
LASALLE, P.J., DILLON, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court